# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 2 1 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| C. Alan Powell<br>388 Ashley Ave.<br>Atlanta, GA 30312 | ) ) ) ) |
| and | ) ) |
| Tory Dunlap<br>957 North Ave, Apt B<br>Atlanta, GA 30318 | ) ) ) ) |
| and | ) ) |
| Lee Antonio Smith<br>393 Landsey Drive<br>Atlanta, GA, 30315 | ) ) ) ) |
| and | ) ) |
| David Evans<br>3214 Harris Drive<br>East Point, GA 30344 | ) ) ) |
| and | ) ) ) |
| Individually, and on behalf of all others<br>similarly situated | ) ) ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) |

COMPLAINT—CLASS ACTION

Civil Case No.

## 1:04-CV-1100

GET

FORMS RECEIVED
Consent To US Mag. ✓
Pretrial Instructions ✓
Tile VII NFC ____
DED

1



|                                    |     |
|------------------------------------|-----|
|                                    | )   |
|                                    | )   |
| JACQUELINE BARRETT                 | )   |
| SHERIFF, FULTON COUNTY,            | )   |
| STATE OF GEORGIA                   | )   |
|                                    | )   |
| Defendant                          | )   |

<u>CLASS ACTION</u>

<u>COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF
AND PRELIMINARY INJUNCTION AND JURY DEMAND</u>

<u>Introduction</u>

1. This is an action brought by C. Alan Powell, Tory Dunlap, Lee Antonio

Smith and David Evans (the "Arrestee Strip Search Named Plaintiffs") on his

own behalf and on behalf of a class of individuals ("Arrestee Strip Search")

who were injured by Defendant Jacqueline Barrett's conduct in causing them

to be subjected to blanket strip searches (described below) upon their arrest

and commitment to the Fulton County Jail;  by Defendant Jacqueline

Barrett's deliberate indifference to the strip searches;  by her failure to train,

supervise and/or discipline her staff, and by her failure to promulgate and

enforce policies.

2. This is also an action brought by each of C. Alan Powell, Tory Dunlap,

Lee Antonio Smith, and David Evans (the "Overdetention Named

2

Plaintiffs") on his own behalf and on behalf of the class defined below injured, or who are being injured, or who will be injured in the future by the Fulton County Jail's pattern and practice of overdetaining inmates. They will be further injured by Defendant Jacqueline Barrett's deliberate indifference to the overdetentions, and by her failure to train, supervise and/or discipline her staff, and by her failure to promulgate and enforce policies. To "overdetain" means to hold an inmate in the Fulton County Jail, including any of its annexes, past midnight of his or her release date, as defined below

3. This is also an action brought by David Evans (the "Court Return Strip Search Named Plaintiff") on his own behalf and on behalf of a class of individuals ("Court Return Strip Search Class") who were injured by Defendant Jacqueline Barrett's conduct in subjecting them to blanket strip searches (described below) after they were returned from Superior Court or State Court to the Fulton County Jail after a judge ordered their release, and after there was no longer a basis for their detention. They were further injured by Jacqueline Barrett's deliberate indifference to the practice of strip searches; her failure to train, supervise and/or discipline her staff, and by her failure to promulgate and enforce policies.

3

4.  The Arrestee Strip Search Named Plaintiffs bring this action against
    Defendant Jacqueline Barrett under Section 1983 of the Civil Rights
    Act of 1871, 42 U.S.C. §1983, to enforce the Fourth and Fourteenth
    Amendments, for injuries suffered by them and other members of the
    class at the Fulton County Jail.  The Arrestee Strip Search Named
    Plaintiffs also base their claims on the Constitution of the State of
    Georgia and the common law of the State of Georgia.

5.  The Overdetention Named Plaintiffs bring this action against
    Defendant  Jacqueline Barrett under Section 1983 of the Civil Rights
    Act of 1871, 42 U.S.C. §1983, to enforce the Fourth, Eighth, and
    Fourteenth Amendments, for injuries suffered by them and other
    members of the class at the Fulton County Jail.  The Overdetention
    Named Plaintiffs also base their claims on the Constitution of the State
    of Georgia and the common law of the State of Georgia.

6.  The Court Return Strip Search Named Plaintiff brings this action
    against Defendant Jacqueline Barrett under Section 1983 of the Civil
    Rights Act of 1871, 42 U.S.C. §1983, to enforce the Fourth and
    Fourteenth Amendments, for injuries suffered by him and the class.
    The Court Return Strip Search Named Plaintiff also bases his claims on

the Constitution of the State of Georgia and the common law of the

State of Georgia.

## Jurisdiction and Venue

7. This Court has jurisdiction over the Arrestee Strip Search Named
   Plaintiffs and the Overdetention Named Plaintiffs and the Court
   Return Strip Search Named Plaintiffs §1983 claims pursuant to 28
   U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This Court has supplemental
   jurisdiction over their state law claims under 28 U.S.C. § 1367.

8. Venue is appropriate in this District and this division. Each of the
   claims for relief arose in this judicial district and this division.

## Class Action Allegations

## "Arrestee Strip Search Class" – Class Action Allegations

9. The Arrestee Strip Search Named Plaintiffs bring this action under
   Rules 23(a), 23(b) (2), and 23(b) (3) of the Federal Rules of Civil
   Procedure on behalf of a class consisting of each person who, in the two
   years preceding the filing of this action up until the date this case is
   terminated, was or will be, (i) upon being arrested and committed into
   the Fulton County Jail; (ii) on a charge other than a charge of drugs,

weapon or felony violence; (iii) was subjected to a blanket strip search without any individualized finding of reasonable suspicion or probable cause that he or she was concealing drugs, weapons or other contraband.

10. Certification of a class under Federal Rule of Civil Procedure 23(b)(2) is appropriate because the Fulton County Jail has a policy, and engages in a pattern and practice of conduct that has uniformly affected all members of the class. Injunctive relief against Defendant to enjoin the practice will benefit each and every Arrestee Strip Search Named Plaintiffs and class member.

11. The class is entitled to injunctive relief of terminating the above described policy and practice of subjecting arrestees to blanket strip searches without any individualized finding of reasonable suspicion or probable cause that he or she was concealing drugs, weapons or other contraband.

12. Certification of a class under Federal Rule of Civil Procedure 23(b)(3) is also appropriate in that common questions of law and fact predominate over any individual questions. A class action is superior for the fair and efficient adjudication of this controversy as detailed

below.

13. Regarding the Arrestee Strip Search Named Plaintiffs and members of the class, there are no individual questions on the issue of liability. Every arrestee committed into the Fulton County Jail is subjected to the blanket searches. None of the staff of the Fulton County Jail keeps records of the searches. Therefore, Defendant cannot show that any of the searches were conducted based on an individual determination of reasonable suspicion. Should records exist demonstrating such individualized suspicion, such people would, by definition, not be members of the class.

14. Among the questions of law and fact common to the class are:

    a. whether Defendant Jacqueline Barrett instituted a policy, or acquiesced in a custom and practice of subjecting arrestees committed to the Fulton County Jail pending presentment to blanket strip searches without an individualized determination that the arrestees were in possession of drugs, weapons or other contraband;

    b. whether such policy or practice, if found to exist, violates the

Fourth Amendment;

c. whether Defendant Jacqueline Barrett was deliberately indifferent to the rights of such arrestees;

d. whether the Arrestee Strip Search Named Plaintiffs and the members of the class have sustained damages and, if so, the proper measure of such damages;

e. whether the Arrestee Strip Search Named Plaintiffs and the members of the class and future members are entitled to equitable relief and, if so, what is the nature of that relief; and

f. whether determination of damages suffered by a statistically representative sample of the class provides the basis for determination of all class members' damages except those who opt out.

g. whether Defendant Jacqueline Barrett is entitled to qualified immunity on the §1983 claims; and

h. whether Defendant Jacqueline Barrett is entitled to governmental immunity on the state law claims.

15. The class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to plaintiffs at this time, but is likely to consist of at least many hundreds of people.

16. Every week at least 100 persons meeting the Arrestee Strip Search Class class definition are committed into the Fulton County Jail pending presentment and subject to the illegal searches. Thus this class well exceeds 10,000 members.

17. Defendant Jacqueline Barrett and the Fulton County Jail have within their records the names and addresses of all current and past class members in the Fulton County Jail computer systems (CJUS, JDL and Banner and Mainframe), logbooks and other paper records maintained by the Fulton County Jail.

18. The Arrestee Strip Search Named Plaintiffs' claims are typical of the claims of the other members of the class, because the Arrestee Strip Search Named Plaintiffs and all other members of the class were injured by exactly the same means; that is, by the blanket strip searches.

19. The Arrestee Strip Search Named Plaintiffs will fairly and adequately protect the interests of the members of the class. They have retained counsel

who are competent and experienced in complex federal civil rights class action litigation and/or complex federal prisoner rights litigation.

20.  The Arrestee Strip Search Named Plaintiffs have no interests that are contrary to, or in conflict with, those of the class.

21.  The Arrestee Strip Search Named Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. The class action is superior to any other available means to resolve the issues raised on behalf of the Arrestee Strip Search Class.  The class action will be manageable because so many different records systems exist from which to ascertain the members of the putative class, and damages can be determined on a class-wide basis using a damages matrix set by a jury, or by trying the damages of a statistically valid sample of the class to a jury and extrapolating those damages to the class as a whole.

22.  Class treatment will be superior because liability can be determined on a class-wide basis. Damages can also be determined on a class-wide basis through use of statistical sampling.

## "Overdetention Class" – Class Action Allegations

23.  The Overdetention Named Plaintiffs bring this action under Rules 23(a),

23(b) (2), and 23(b) (3) of the Federal Rules of Civil Procedure on behalf of a class consisting of: (a) each person who has been, is, or who will be incarcerated in any Fulton County Jail facility in the two years preceding the filing of this action up to and until the date this case is terminated; and (b) who was not released or, in the future, will not be released by midnight on the date on which the person is entitled to be released by court order, posting bail, or the date on which the basis for his or her detention has otherwise expired.

24. Certification of a class under Federal Rule of Civil Procedure 23(b)(2) is appropriate because Defendant Jacqueline Barrett implemented a policy, or engages in a pattern and practice of conduct that has uniformly affected all members of the class., Injunctive relief against Defendant Jacqueline Barrett will benefit each and every Overdetention Named Plaintiff and class member.

25. The class is entitled to injunctive relief of terminating the above described policy and practice of overdetentions.

26. Certification of a class under Federal Rule of Civil Procedure 23(b)(3) is also appropriate in that common questions of law and fact predominate over any individual questions. A class action is superior for the fair and efficient adjudication of this controversy as detailed below.

27. Regarding the Overdetention Named Plaintiffs and members of the class, there are no individual questions on the issue of liability other than whether an individual has been overdetained. The answer to that question can be determined by ministerial inspection of the jail's records.

28. Among the questions of law and fact common to the class are:

   a) whether the Constitution provides a bright line, maximum length of time measured in hours beyond which Defendant cannot hold a person before releasing that person from jail after a judge has ordered his release or he has posted bail, or the basis for his detention has otherwise expired;

   b) whether Defendants have exceeded that maximum for each class member;

   c) whether there is a pattern and practice of the Fulton County Jail of holding inmates past their Release Dates;

   d) whether Defendant Jacqueline Barrett has been deliberately indifferent to the pattern and practice of the Fulton County Jail of holding inmates past their Release Dates;

   e) whether Defendant Jacqueline Barrett's acts as alleged herein

violate the Constitution of the United States by holding detainees
and inmates past their release dates;

f) whether such policy, if found to exist, violates the Fourth and/or
Fourteenth Amendments;

g) whether Jacqueline Barrett was deliberately indifferent to the
rights of inmates and detainees in the custody of the Fulton
County Jail;

h) whether the Overdetention Named Plaintiffs and the members of
the Overdetention Class have sustained damages and, if so, the
proper measure of such damages;

i) whether determination of damages suffered by a statistically
representative sample of the class provides the basis for
determination of all class members' damages except those who opt
out.

j) whether Defendant Jacqueline Barrett is entitled to qualified
immunity on the section 1983 claims; and

k) whether Defendant Jacqueline Barrett is entitled to
governmental immunity on the state law claims.

13

29. The class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to plaintiffs at this time, but is likely to consist of at least many hundreds of people.

30. Every week at least 100 persons meeting the Overdetention Class definition are released from the Fulton County Jail. Thus, this class well exceeds 10,000 members.

31. Defendant Jacqueline Barrett and the Fulton County Jail have within their records the names and addresses of all current and past class members in the Fulton County Jail computer systems (CJUS, JDL and Banner and Mainframe), logbooks and other paper records maintained by the Fulton County Jail.

32. The Overdetention Named Plaintiffs' claims are typical of the claims of the other members of the class, because the Overdetention Named Plaintiffs and all other members of the class were injured by exactly the same means; that is, by the systemic collapse of the inmate management system, and the practice of returning in-custody defendants entitled to release by virtue of their court appearances from the courthouses to the Fulton County Jail to check for wants, holds and detainers.

33. The Overdetention Named Plaintiffs will fairly and adequately protect the interests of the members of the class. They have retained counsel who are competent and experienced in complex federal civil rights class action litigation and/or complex federal prisoner rights litigation.

34. The Overdetention Named Plaintiffs have no interests that are contrary to, or in conflict with, those of the class.

35. The Overdetention Named Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. The class action is superior to any other available means to resolve the issues raised on behalf of the Overdetention Class. The class action will be manageable because so many different records systems exist from which to ascertain the members of the putative class, and damages can be determined on a class wide basis using a damages matrix set by a jury or by trying the damages of a statistically valid sample of the class to a jury and extrapolating those damages to the class as a whole.

36. Class treatment will be superior because liability can be determined on a class wide basis. Damages can also be determined on a class wide basis through use of statistical sampling.

## "Court Return Strip Search Class" – Class Action Allegations

37. The Court Return Strip Search Named Plaintiff brings this action under Rules 23(a), 23(b) (2), and 23(b) (3) of the Federal Rules of Civil Procedure on behalf of a class consisting of: each person who, in the two years preceding the filing of this action up until the date this case is terminated, has been, is or will be: (i) in the custody of the Fulton County Jail; (ii) taken to court from the Fulton County Jail; (iii) ordered released by the court or otherwise became entitled to release by virtue of the court appearance because the charge on which he had been held was no longer pending or was dismissed at the hearing, was ordered released on his own recognizance, or had posted bail, was sentenced to time served, was acquitted or was otherwise entitled to release; (iv) was not the subject of any other pending case or cases which imposed any condition of release other than personal recognizance; (v) was not the subject of any detainer or warrant; (vi) was returned to the Fulton County Jail; and (vii) was subjected to a strip search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons before being released, regardless of whether he was overdetained.

38. Certification of the Court Return Strip Search Class under Federal Rule

16

of Civil Procedure 23(b)(2) is appropriate because Defendant Jacqueline

Barrett implemented a policy, and/or acquiesces in a pattern and practice of

conduct that has uniformly affected all members of the class. Injunctive relief

against Defendant will benefit each and every Overdetention Named Plaintiff

and class member.

39. The Court Return Strip Search Class is entitled to injunctive relief of

terminating the above-described policy of subjecting court returns entitled to

release by virtue of their court appearances to strip searches without any

individualized findings of reasonable suspicion or probable cause that the

court returns were concealing contraband or weapons.

40. Certification of a class under Federal Rule of Civil Procedure 23(b)(3) is

also appropriate in that common questions of law and fact predominate over

any individual questions. A class action is superior for the fair and efficient

adjudication of this controversy as detailed below.

41. Regarding the Court Return Strip Search Named Plaintiff and members

of the class, there are no individual questions on the issue of liability because

every court return returned to the Fulton County Jail is subjected to the

blanket searches. No records of the searches are kept. Defendant Jacqueline

Barrett cannot show that any of the searches were conducted based on an

individual determination of reasonable suspicion. Should records exist

demonstrating such individualized suspicion, such people would, by

definition, not be members of the class.

42. Among the questions of law and fact common to the class are:

   a. whether there is a policy, custom and practice of subjecting court

   returns entitled to release by virtue of their court appearances returned

   to the Fulton County Jail to blanket strip searches without an

   individualized determination that the person was in possession of

   drugs, weapons or other contraband;

   b. whether such policy, if found to exist, violates the Fourth

   Amendment;

   c. whether Defendant Jacqueline Barrett was deliberately indifferent

   to the rights of such court returns by acquiescing in the strip searches;

   d. whether the Court Return Strip Search Named Plaintiff and the

   members of the class have sustained damages and, if so, the proper

   measure of such damages;

   e. whether the Court Return Strip Search Named Plaintiff, the

   members of the class, and future members are entitled to equitable

relief and, if so, the nature of that relief; and

f. whether determination of damages suffered by a statistically representative sample of the class provides the basis for determination of all class members' damages except those who opt out.

g. whether Defendant Jacqueline Barrett is entitled to qualified immunity on the section 1983 claims; and

h. whether Defendant Jacqueline Barrett is entitled to governmental immunity on the state law claims.

43. The class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to plaintiffs at this time, but is likely to consist of at least many hundreds of people.

44. Every week at least 100 persons meeting the Court Return Strip Search Class definition are committed into the Fulton County Jail pending presentment and subjected to the illegal searches. Thus this class well exceeds 10,000 members.

45. Defendant Jacqueline Barrett and the Fulton County Jail have within their records the names and addresses of all current and past Court Return Strip Search Class members in the Fulton County Jail computer systems

(CJUS, JDL and Banner and Mainframe), logbooks and other paper records maintained by the Fulton County Jail.

46. The Court Return Strip Search Named Plaintiff's claims are typical of the claims of the other members of the class, because the Court Return Strip Search Named Plaintiff and all other members of the class were injured by exactly the same means; that is, by the blanket searches.

47. The Court Return Strip Search Named Plaintiff will fairly and adequately protect the interests of the members of the class. He has retained counsel who are competent and experienced in complex federal civil rights class action litigation and/or complex federal prisoner rights litigation.

48. The Court Return Strip Search Named Plaintiff has no interests that are contrary to, or in conflict with, those of the class.

49. The Court Return Strip Search Named Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. The class action is superior to any other available means to resolve the issues raised on behalf of the Court Return Strip Search Class. The class action will be manageable because so many different records systems exist from which to ascertain the members of

the putative class.  Damages can be determined on a class-wide basis using a damages matrix set by a jury, or by trying the damages of a statistically valid sample of the class to a jury and extrapolating those damages to the class as a whole.

50. Class treatment will be superior because liability can be determined on a class-wide basis, and damages can also be determined on a class-wide basis through use of statistical sampling.

## PARTIES

51.  Plaintiff C. Alan Powell is an adult who was overdetained in the Fulton County Jail and subjected to illegal strip searches.

52.  Plaintiff Tory Dunlap is an adult who was overdetained in the Fulton County Jail and subjected to illegal strip searches.

53.  Plaintiff Lee Antonio Smith is an adult who was overdetained in the Fulton County Jail and subjected to illegal strip searches.

54.  Plaintiff David Evans is an adult who was overdetained in the Fulton County Jail and subjected to illegal strip searches.

55.  Defendant Jacqueline Barrett is the Sheriff of Fulton County.  She is sued in her official capacity for prospective injunctive relief.  She is sued in her official and in her individual capacity for money damages.

56.  At all times described herein Defendant Jacqueline Barrett was acting under color of state law.

## FACTUAL ALLEGATIONS

### Fulton County Jail's Pattern And Practice Of Overdetentions and Illegally Strip Searching Arrestees and Court Returns

### Introduction and Description of the Overdetention Problem

57.  The Fulton County Jail has a long and documented history of overdetaining detainees and inmates past their release dates.

58.  "Overdetain" means holding an inmate in Fulton County Jail custody past the person's release date.

59.  "Release Date" for each inmate is the day on which the person is entitled to be released by court order, or the date on which the basis for his or her detention has otherwise expired, for example by posting bond.

60.  18 USCA §3624(a) requires that an inmate shall be released on the date
of the expiration of the inmate's term of imprisonment, less any time credited
toward the service of the inmate's sentence. 18 USCA § 3624(a).

61.  "Exit Date" for each inmate means the date on which he or she was
actually released from the custody of the Fulton County Jail.

62.  Overdetentions happen at practically every event in the criminal justice
system from arrest to trial.

63.  The problem starts when inmates are committed into the Fulton County
Jail without being "booked" in; that is, fingerprinted, identified checked for
outstanding wants, holds, warrants and detainers, and entered into the
computerized inmate management system.

64.  For example, Plaintiff Alan Powell was arrested and committed into the
Fulton County Jail early on the morning of Saturday, March 20, 2004.  He
was not booked in until approximately 6:00 p.m. the following day; Sunday,
March 21, 2004.

65.  As a result, Mr. Powell was not taken to the misdemeanor court in State
Court for First Appearance, and so was not given a bond hearing.

66. Moreover, even though Mr. Powell was entitled to bail based on a schedule for minor offenses, jail staff told him that he could not be released on bail until after he was booked.

67. Finally, on the evening of Sunday, March 21, 2004, Mr. Powell was formerly booked into the jail.

68. Along with the booking procedure came a degrading, humiliating strip search.

69. Mr. Powell, and everyone else booked into the Fulton County Jail on Sunday night (or any other night or day), was taken to a large room, told to take off all clothes, put them in a plastic box, and take a shower with the whole group in a single large room.

70. Then, each man took his clothes to a counter and exchanged his own clothes for a jail jumpsuit.

71. Before picking up his jumpsuit, Mr. Powell, along with every other inmate in the process, had to stand before a guard front and center, and show his front and back sides while naked.

72. Mr. Powell's family posted his bond Sunday March 21, 2004.

73. However, Mr. Powell was not released. When he complained, guards threatened to "lose" his paperwork.

74. Mr. Powell was finally released on Tuesday morning, March 23, 2004.

75. The jail frequently sends recently arrested inmates to bond hearings at State Court before the inmates have been booked in.

76. As a result, the bond hearings are meaningless because the inmates cannot be either charged or bonded out.

77. Without the paperwork generated by a booking, prosecutors lack the documentation necessary to show probable cause. Without probable cause, judges are forced to throw out cases within 48 hours.

78. On March 18, 2004, Judge Roy Roberts in State Court dismissed misdemeanor charges against 22 defendants because they were presented in his courtroom without paperwork. They had been sent to court without having been booked.

79. However, even when a judge orders inmates released at the first appearance, their release is no sure thing.

80. During the period March 18-31, 2004, of the approximately 135 persons presented before the magistrate for a probable cause hearing, almost every single one was overdetained for periods ranging from one day to twelve days (see chart below).

81. Moreover, to add insult to injury, every single inmate returning from court, even those whose cases have been dismissed, was subjected to a strip search, **after a judge had ordered his release**.

Jacqueline Barrett's Responsibilities For Inmates At The Fulton County Jail

82. Jacqueline Barrett is the Sheriff of Fulton County.

83. Jacqueline Barrett has been the Sheriff of Fulton County since 1992.

84. Jacqueline Barrett's duties include formulating, implementing and executing policies concerning the operation of the Fulton County Jail facilities. This includes promulgating regulations ensuring the release of inmates on their Release Dates, and policies controlling the strip searches of inmates.

85. Jacqueline Barrett has ultimate training, supervisory, and disciplinary authority for all operations of the Fulton County Jail.

86. Jacqueline Barrett is also responsible for ensuring that each employee of the Fulton County Jail discharges his or her duties in accordance with the law and court orders.

87. The American Correctional Association's Standards for Adult Local Detention Facilities require that a detention facility maintain an inmate population accounting system that includes records on the admission, processing, and release of inmates. American Correctional Association's Standards for Adult Local Detention Facilities, 3d, 3-ALDF-1F-01 to -11. The same standards require a detention facility to record for every person booked into the facility the date and duration of confinement, and a copy of the court order or other basis of confinement.

88. The standards also require a detention facility to make a determination at the time a new inmate is admitted to the facility that the inmate is legally committed to the facility.

89. The Records Office is the unit of the Fulton County Jail that has responsibility for keeping track of inmates and ensuring their release according to their Release Dates.

90.  Jacqueline Barrett is ultimately responsible for the functioning of the Fulton County Jail's Records Office, as defined below, and all other units of the Fulton County Jail.

91.  Jacqueline Barrett had, and continues to have the duty to establish procedures and policies, and to train and monitor Fulton County Jail employees in order  to ensure the release on their Release Dates of all inmates in the custody of the Fulton County Jail.

92.  Jacqueline Barrett had, and continues to have the duty to establish procedures and policies, and to train and monitor Jail employees in order to prevent unreasonable strip searches of individuals who are in Jail custody.

## The Fulton County Jail

93.  The Fulton County Jail is the primary facility used by Fulton County to house inmates in Fulton County.

94.  Built to house about 1,450 inmates, the Fulton County Jail opened with many cells holding extra bunks to raise bed capacity to 2,250.

95.  Currently, the jail has about 2,900 inmates, with 400 others in two annexes. "That is more than double what should be in the jail," according to a knowledgeable person surnamed Rosser.

96. Most of the inmates at the Fulton County Jail are either pre-trial detainees, misdemeanants serving sentences, or probation violators.

## The Inmate Management System

97. The records office located at the Fulton County Jail ("Records Office") is responsible for administering and maintaining the records, including the judgment and commitment files, of all persons housed at the Fulton County Jail.

98. The Records Office is responsible for ensuring that all persons housed at the Fulton County Jail are released according to their Release Dates.

99. Release and commitment data entered into the court computer systems by courtroom clerks do not appear in the computer system used by the Records Office for several days.

100. As a result, all release and commitment orders generated by judges in the Superior and State Courts on paper must be faxed to the Fulton County Jail or hand carried to the Records Office by deputies as inmates are bused from the courthouse to the Fulton County Jail.

101. Some release orders are faxed from the courthouses to the Fulton County Jail.

102. All processing of release and commitment orders must be done by hand at the Records Office located at the Fulton County Jail.

## The Fulton County Jail Policy and Procedure for Booking Inmates into the Fulton County Jail and Strip Searching Them

103. Every person booked into the Fulton County Jail is subjected to a strip search conducted without an individual determination of reasonable suspicion to justify the search, and regardless of the crime with which the person is charged.

104. The strip search process involves having the arrested person go into a large room with a group of thirty to forty other inmates, remove all of his clothing, and place it in boxes.

105. The arrested person, along with the group, takes a shower and is then sprayed with delousing agent.

106. Each arrestee then either singly, or standing in a line with others, is visually inspected front and back by deputies.

107. The Fulton County Jail does not keep any logs or other records of any individual strip searches performed in the booking areas.

108. When inmates are "booked" into the Fulton County Jail, the jail staff checks criminal databases to see whether the inmate is the subject of any other wants, holds or detainers from other jurisdictions.  If there are such holds, the information is noted in the inmate's institutional files.

109. Whether the inmate is the subject of any other wants, holds or detainers from other jurisdictions is also available in real time on the "Mainframe" computer, available to Records Office staff and deputies.

The Fulton County Jail Policy and Procedure for Processing Court Returns

110. The Sheriff follows a policy and practice under which every in-custody defendant taken from the Fulton County Jail to the Superior Court or the State Court for a hearing, and ordered released by a judicial officer because the charge was no longer pending, or because of a change in conditions of release or some other reason, and is returned to the Fulton County Jail to check for wants and holds and detainers rather than being released from the courthouse.

111. Every weekday about 100 to 150 in-custody defendants are transported to the Superior Court and State Court for court appearances, and then returned to the Fulton County Jail after their court appearances ("court returns").

112. The in-custody defendants are under the constant supervision of Fulton County Sheriff's deputies while in transit, and while at the courthouses.

113. While at the courthouse, in-custody defendants are not allowed to have contact with anyone apart from Fulton County Sheriff's deputies, except for non-contact visits in the lockups with attorneys subject to supervision by Fulton County Sheriff's deputies.

114. In-custody defendants whose cases have been discharged are not given the option of being discharged from the courthouse.

115. Every in-custody defendant transported to the Superior Court or the State Court for a court event is sent back to the Fulton County Jail following his court appearance, even if there is a judicial determination that there is no longer a basis for his detention.

116. The Fulton County Jail returns court returns with release orders back to the Fulton County Jail so the Records Office can check for any warrants,

detainers or holds on them before releasing them.

117. Court returns entitled to release are booked back into the Fulton County Jail general populations and not released until a later date.

118. The jail staff checks the Mainframe for wants, holds and detainers before releasing an inmate.

<u>The Fulton County Jail's Policy and Procedure of Strip Searching all Court Returns</u>

119. Upon returning to the Fulton County Jail, inmates are separated by sex, males into one area and females into another area.

120. Staff subjects every court return returned to the Fulton County Jail to a strip search without any individualized finding of reasonable suspicion or probable cause that the person is concealing contraband or weapons.

121. Staff subjects every court return returned to the Fulton County Jail to a strip search without any individualized finding of reasonable suspicion or probable cause that the person is concealing contraband or weapons, even if the person has been ordered released by a judge and there is no other basis for his continued detention.

122. The standard strip search procedure of the Fulton County Jail for all inmates booked into the facility, whether new commitments or court returns who have been ordered released, is the complete removal of all clothing and a visual strip search.

123. The Fulton County Jail does not keep any logs or other records of any individual strip searches performed on court returns.

## The Cause of the Overdetention - Collapse of the Inmate Management System

124. The cause of the overdetention and illegal strip search problems is the deliberate indifference of Defendant Jacqueline Barrett to the rights of inmates to be released on their Release Dates, inasmuch as the Fulton County Jail has no effective inmate management system that can ensure release of inmates by their Release Dates.

125. The fact that the Fulton County Jail has no effective inmate management system has been documented by a series of reports and newspaper articles, as well as by court cases dating back many years.

126. The Fulton County Jail has recently aggravated the backlog of overdetained inmates by overreacting to a string of premature releases.

127. The Fulton County Jail's policy of returning all court returns, even those whose cases have been dismissed, back to the jail for processing swells the backlog of unprocessed inmates. This policy and practice is a major contributing cause of the Records Office's inability to process and release individuals on their Release Dates.

128. The Fulton County Jail's policy of returning all court returns, even those whose cases have been dismissed, back to the jail for processing costs taxpayers money, swells the population of the facilities unnecessarily, and causes inmate unrest.

129. The policy of returning court returns entitled to release creates the court return strip search problem. If the court returns entitled to release by virtue of their court appearances were released at the courthouse, they would not be booked back in and strip searched in the first place.

130. The inability of the Fulton County Jail to process and release individuals on their Release Dates leads to their being overdetained and illegally strip searched.

## Defendant Jacqueline Barrett's Knowledge of the Collapse of the Inmate Management System at the Fulton County Jail

131. Defendant Jacqueline Barrett has known of the ineffective and chaotic condition of the Records Office inmate management system for years.

132. Moreover, jail officials have had personal knowledge of the problem for years.

133. The Fulton County Commission has also been aware of the above-described problems in the inmate management system for years.

## Defendant Jacqueline Barrett's Failure to Take Meaningful, Sustained Corrective Action

134. Defendant Jacqueline Barrett has acquiesced in the Records Office's chaotic procedures leading to the overdetention and strip search problems by failing to take any meaningful, sustained corrective action.

135. The Fulton County Jail is understaffed.  Only about 650 guards watch over 2,900 inmates.

136. Fulton County has refused to provide adequate funding to the Fulton County Jail.

137. Last year, the Fulton County Commission reduced the jail's funding by $3,000,000.

## The Collapse of the Inmate Management System – A Longstanding, Pervasive and Continuing Problem Known to Defendant Jacqueline Barrett and Jail Officials and County Officials

138. Both overdetentions and premature releases are symptomatic of a non-functioning inmate management system.

139. Recent notorious examples of overdetention show the overdetention and strip search problems persist.

140. Eight jail inmates were released by error over the past year, including murder suspect James Cooper, 28, charged with the April slaying of John Atkins, a self-service-laundry operator.

141. James Cooper was released in November on what jail spokepersons called a "clerical error."

142. Some premature releases over the past 15 months involving Fulton County Jail inmates:

143. May 14: Terrence Tutman, a material witness in a 1999 killing, is picked up after hiding from subpoena servers for seven months. He is mistakenly released the next day after being misidentified.

144. June 19: Rape suspect Jesse Henry is mistakenly set free when a deputy assigns to Henry a bond actually paid for another prisoner. Henry is captured five days later.

145. Nov. 8: Murder and robbery suspect James Cooper is mistakenly released when an employee lets the wrong James Cooper go. He turns himself in Dec. 8.

146. March 4, 2004: Shoplifting suspect Kenneth Dodd is freed after a computer operator overlooks an outstanding warrant. He is recaptured the same day.

147. March 4: Burglary suspect Sterling Bruno is let go because jail supervisors do not follow "double check" release policies. He is recaptured the same day.

148. Kenneth Dodd, 44, awaiting trial for alleged shoplifting, was released when a computer operator overlooked an outstanding warrant that would have kept him in custody.

149. Sterling Bruno, 31, was let go because jail supervisors did not follow "double check" release policies, according to Defendant Jacqueline Barrett.

150. Recently Defendant Jacqueline Barrett released a statement terming continuing problems at the crowded and understaffed jail a "state of emergency."

151. The chart set forth below shows how pervasive and widespread the overdetention problem is.

152. The chart shows the court date, Release Date, and Exit Date for virtually every inmate who appeared in magistrate court first appearance hearings (9 a.m. and 1 p.m calendars) and State Court preliminary hearing calendars during the period March 18-31, 2004 who had a disposition resulting in release (dismissal, sentence of time served, defendant allowed to sign own bond (SOB)).

| Defendant | Date booked | Court Date | Disposition | Date Released | Days held over |
|-----------|-------------|------------|-------------|---------------|----------------|
| El Aten | 3-18-04 | 3-18-04 | Dismissed | 3-20-04 | 2 |
| Marvin Davidson | 3-16-04 | 3-18; 3-19 | Time served | 3-20-04 | 2 |

| Leroy Barrett | 3-17-04 | 3-18-04 | Dismissed | 3-21-04 | 3 |
|---|---|---|---|---|---|
| Corey Boatwright | 3-18-04 | 3-18-04 | Dismissed | 3-21-04 | 3 |
| Michelle Collins | 3-18-04 | 3-18-04 | Dismissed | 3-21-04 | 3 |
| Bobbie Derest | 3-18-04 | 3-18-04 | Dismissed | 3-21-04 | 3 |
| Malcolm Dill | 3-18-04 | 3-18-04 | Dismissed | 3-25-04 | 7 |
| Roberto Duarte | 3-18-04 | 3-18-04 | SOB | 3-25-04 | 7 |
| Carl Feguson | 3-18-04 | 3-18-04 | SOB | 3-20-04 | 2 |
| Jimmie Gray | 3-17-04 | 3-18-04 | Dismissed | 3-23-04 (hold) | 5 |
| Zhan Holsey | 3-17-04 | 3-18-04 | Dismissed | 3-20-04 | 2 |
| Jerald Lawson | 3-17-04 | 3-18-04 | Dismissed | 3-22-04 | 4 |
| Nadine Marshall | 3-18-04 | 3-18-04 | Dismissed | 3-21-04 | 3 |
| Angela Morrow | 3-18-04 | 3-18-04 | Dismissed | 3-21-04 | 3 |
| Terry Mozley | 3-18-04 | 3-18-04 | Dismissed | 3-20-04 | 2 |
| Donald Springer | 3-18-04 | 3-18-04 | Dismissed | 3-23-04 | 5 |
| Randy Troy | 3-18-04 | 3-18-04 | SOB | 3-23-04 | 5 |
| Lorraine Wilkens | 3-18-04 | 3-18-04 | SOB | 3-23-04 | 5 |
| Harvey Boyd | 3-17-04 | 3-18-04 | Dismissed | 3-21-04 | 3 |
| Clarence Maxwell | 3-17-04 | 3-18-04 | Dismissed | 3-22-04 | 4 |
| Reginald Morton | 3-16-04 | 3-18-04 | Dismissed | 3-21-04 | 3 |
| Maury Ridley | 3-17-04 | 3-18-04 | Dismissed | 3-21-04 | 3 |

| Roger Threats | 3-17-04 | 3-18-04 | Dismissed | 3-20-04 | 2 |
|---|---|---|---|---|---|
| Chaka Zulu | 3-17-04 | 3-18-04 | Time served | 3-22-04 | 4 |
| William Dodson | 3-18-04 | 3-19-04 | SOB | 3-20-04 | 1 |
| Leo Harden | 3-18-04 | 3-19-04 | Time served | 3-24-04 | 5 |
| Niles Johnson | 3-10-04 | 3-19-04 | SOB | 3-23-04 | 4 |
| Arnold Levi | 3-18-04 | 3-19-04 | Reset for proof | 3-21-04 | 2 |
| Charles Lyons | 3-17-04 | 3-19-04 | Time served | 3-23-04 | 4 |
| Roger Thomas | 3-17-04 | 3-19-04 | SOB | 3-25-04 | 6 |
| Ronnie Tyler | 3-17-04 | 3-19-04 | Time served | 3-29-04 (hold in Bibb Co.) | 10 |
| Larry Dean | 3-19-04 | 3-19-04 | SOB | 3-25-04 | 6 |
| Jasiah Gillis | 3-19-04 | 3-19-04 | Time served | 3-24-04 | 5 |
| Norman Gray | 3-19-04 | 3-19-04 | Time served | 3-23-04 | 4 |
| Randy Harris | 3-19-04 | 3-19-04 | SOB | 3-23-04 | 4 |
| Shirley McCullough | 3-19-04 | 3-19-04 | SOB | 3-23-04 | 4 |
| Dwike Leonard | 3-19-04 | 3-19-04 | SOB | 3-23-04 | 4 |
| Cassandra Mays | 3-18-04 | 3-19-04 | SOB | 3-22-04 | 3 |
| Yolanda Smith | 3-18-04 | 3-19-04 | SOB | 3-22-04 | 3 |
| Tarron Tyler | 3-19-04 | 3-19-04 | SOB | 3-22-04 (Marietta hold) | 3 |
| George Teasley | 3-19-04 | 3-19-04 | SOB | 3-23-04 | 4 |
| Marco Thomas | 3-19-04 | 3-19-04 | SOB | 3-23-04 | 4 |
| Timothy Williams | 3-19-04 | 3-19-04, 3-20-04 | SOB | 3-24-04 (DeKalb hold) | 5 |
| Howard Arnold | 2-18-04 | 3-19-04 | Time served | 3-23-04 | 4 |

41

| Shanika Fambro | 3-12-04 | 3-19-04 | SOB | 3-22-04 | 3 |
|---|---|---|---|---|---|
| Steven Berry | 3-19-04 | 3-20-04 | SOB | 3-24-04 Gwinnett hold | 4 |
| Eric Brewster | 3-19-04 | 3-20-04 | SOB | 3-22-04 | 2 |
| Ronald Brown | 3-18-04 | 3-20-04 | Time served | 3-25-04 | 5 |
| Charles Carter | 3-18-04 | 3-20-04 | Time served | 3-25-04 | 5 |
| Jane Doe | 3-20-04 | 3-20-04 | Time served | 3-22-04 | 2 |
| Roberto Duarte | 3-18-04 | 3-18; 3-20 | SOB | 3-25-04 | 5 |
| Leo Harden | 3-18-04 | 3-20-04 | Time served | 3-24-04 | 4 |
| Betty Ann Hicks | 3-18-04 | 3-20-04 | SOB | 3-23-04 | 3 |
| Anthony Jefferson | 3-18-04 | 3-20-04 | SOB | 3-23-04 | 3 |
| Mark King | 3-19-04 | 3-20-04 | SOB | 3-22-04 | 2 |
| Bengie Martin | 3-18-04 | 3-18-04 | Bond, wouldn't let him out w/o bk# | 3-25-04 | 7 |
| Keair Mason | 3-20-04 | 3-20-04 | SOB | 3-22-04 | 2 |
| Deniera Owens | 3-19-04 | 3-20-04 | Time served | 3-23-04 | 3 |
| Charley Parks | 3-19-04 | 3-20-04 | SOB | 3-23-04 | 3 |
| Raymond Quantez | 3-20-04 | 3-20-04 | Time served | 3-23-04 | 3 |
| Michael Riddlebarger | 3-19-04 | 3-20-04 | Time served | 3-23-04 | 3 |
| Waverly Spivey | 3-19-04 | 3-20-04 | Time served | 3-23-04 | 3 |
| Donald Springer | 3-18-04 | 3-18-04, 3-20-04 | Dismissed | 3-23-04 | 3 |
| Quincy Tarver | 3-20-04 | 3-20-04 | SOB | 3-23-04 | 3 |
| Gary Thomas | 3-19-04 | 3-20-04 | Time served | 3-23-04 | 3 |

| | | | | | |
|---|---|---|---|---|---|
| Randy Troy | 3-18-04 | 3-20-04 | SOB | 3-23-04 | 3 |
| Lorraine Wilkens | 3-18-04 | 3-18-04, 3-20-04 | SOB | 3-23-04 | 3 |
| Heidi Hendrix | 3-20-04 | 3-20-04 | SOB | 3-24-04 (DeKalb hold) | 4 |
| Bobby Adams | 3-21-04 | 3-22-04 | SOB | 3-24-04 | 2 |
| Marvin Allen | 3-21-04 | 3-22-04 | SOB | 3-24-04 | 2 |
| Petree Anderson | 3-22-04 | 3-22-04 | SOB | 3-26-04 | 4 |
| Keith Barnett | 3-21-04 | 3-22-04 | Dismissed | 3-24-04 | 2 |
| Patrick Bryant | 3-20-04 | 3-22-04 | SOB | 3-24-04 | 2 |
| Christopher Cobb | 3-21-04 | 3-22-04 | Dismissed | 3-24-04 | 2 |
| Thomas Davis | 3-20-04 | 3-22-04 | Time served | 3-24-04 | 2 |
| Jose Alberto Duran | 3-21-04 | 3-22-04 | SOB | 3-24-04 | 2 |
| Arthur Favor | 3-21-04 | 3-22-04 | SOB | 3-24-04 | 2 |
| Pauline Favors | 3-21-04 | 3-22-04 | SOB | 3-24-04 | 2 |
| Torino Hawkins | 3-22-04 | 3-22-04 | SOB | 3-23-04 | 1 |
| Romaldo Hernandez | 3-21-04 | 3-22-04 | SOB | 3-23-04 | 1 |
| Shane Humphrey | 3-22-04 | 3-22-04 | SOB | 3-24-04 (Alph. hold) | 2 |
| Ahmad Jamil | 3-22-04 | 3-22-04 | Dismissed | 3-24-04 | 2 |
| David Lucas | 3-19-04 | 3-22-04 | SOB | 3-25-04 | 3 |
| Orlando Neal | 3-20-04 | 3-22-04 | Dismissed | 3-25-04 | 3 |
| Herman Pittman | 3-20-04 | 3-22-04 | Time served | 3-24-04 | 2 |
| Arrgueta Reyes | 3-21-04 | 3-22-04 | SOB | 3-24-04 | 2 |
| William Robinson | 3-20-04 | 3-22-04 | Time served | 3-24-04 | 2 |

| | | | | | |
|---|---|---|---|---|---|
| Dominique Roscoe | 3-21-04 | 3-22-04 | Dismissed | 3-24-04 | 2 |
| Gregory Shields | 3-20-04 | 3-22-04 | Time served | 3-24-04 | 2 |
| Wayne Teague | 3-21-04 | 3-22-04 | SOB | 3-24-04 | 2 |
| Thomas Toland | 3-21-04 | 3-22-04 | SOB | 3-24-04 | 2 |
| Michael Wallace | 3-20-04 | 3-22-04 | SOB | 3-24-04 | 2 |
| Willie Zachary | 3-21-04 | 3-22-04 | Dismissed | 3-24-04 | 2 |
| Derrick David | 3-19-04 | 3-22-04 | SOB | 3-23-04 | 1 |
| Norris Davis | 3-20-04 | 3-22-04 | SOB | 3-24-04 | 2 |
| Bernard Hill | 3-20-04 | 3-22-04 | Dismissed | 3-24-04 | 2 |
| Toddrick Merritt | 3-19-04 | 3-22-04 | Time served | 3-24-04 | 2 |
| Albert Williams | 3-19-04 | 3-22-04 | Time served | 3-24-04 | 2 |
| John E. Clarke | 3-21-04 | 3-23-04 | Dismissed | 3-25-04 | 2 |
| William Hiner | 3-21-04 | 3-23-04 | SOB | 3-24-04 | 1 |
| Emmanuel Mitchell | 3-21-04 | 3-23, 3-26 | Time served | 3-29-04 | 3 |
| Marcell Murrell | 3-21-04 | 3-23-04 | SOB | 3-25-04 | 2 |
| Brandon Starks | 3-19-04 | 3-23-04 | Time served | 3-25-04 | 2 |
| Roger Thomas | 3-17-04 | 3-23-04 | Dismissed | 3-25-04 | 2 |
| James Verlon | 3-20-04 | 3-23-04 | SOB | 3-25-04 | 2 |
| Arjuna Westbrook | 3-21-04 | 3-23-04 | Time served | 3-24-04 | 1 |
| John Woody | 3-20-04 | 3-23-04 | Time served | 3-25-04 | 2 |
| Marvin Williams | 3-15-04 | 3-16, 3-23 | Time served | 3-27-04 | 4 |
| Trenton Williams | 3-22-04 | 3-23-04 | Time served | 3-25-04 | 2 |

| Phillip Buchanan | 3-23-04 | 3-23-04 | Time served | 3-25-04 | 2 |
|---|---|---|---|---|---|
| Ann Giorgianni | 3-23-04 | 3-23-04 | SOB | 3-25-04 | 2 |
| Michael Gladney | 3-22-04 | 3-23-04 | Time served | 3-25-04 | 2 |
| Vincent Manderson | 3-23-04 | 3-23-04 | SOB | 4-4-04 | 12 |
| April May | 3-23-04 | 3-23-04 | SOB | 3-24-04 | 1 |
| Michael Mcleod | 3-23-04 | 3-23-04 | SOB | 3-25-04 | 2 |
| John Bentley | 3-22-04 | 3-23-04 | SOB | 3-29-04 | 6 |
| Warren Fletcher | 3-12-04 | 3-23-04 | Dismissed | 3-25-04 | 2 |
| Uzziah Hammonds | 3-8-04 | 3-23-04 | Time served | 3-25-04 | 2 |
| Darrell James | 3-15-04 | 3-23-04 | Time served | 3-25-04 | 2 |
| Gary Jones | 3-8-04 | 3-23-04 | Dismissed | 3-25-04 | 2 |
| Anthony Cobb | 3-23-04 | 3-24-04 | Time served | 3-26-04 | 2 |
| Marcus Richardson | 3-21-04 | 3-24-04 | Time served | 3-26-04 | 2 |
| Rachel Bailey | 3-23-04 | 3-24-04 | SOB | 3-25-04 | 1 |
| *Lavoid Blount | 3-24-04 | 3-24-04 | SOB | 3-27-04 | 3 |
| *Howard Coleman | 3-24-04 | 3-24-04 | SOB | 3-28-04 | 4 |
| *Walter Gay | 3-23-04 | 3-24-04 | SOB | 3-28-04 | 4 |
| *William Hackett | 3-24-04 | 3-24-04 | SOB | 3-28-04 | 4 |
| Michael Moore | 3-24-04 | 3-24-04 | Time served | 3-27-04 | 3 |
| Ronnie Pharr | 3-24-04 | 3-24-04 | SOB | 3-27-04 | 3 |
| *Ledarius Timmons | 3-24-04 | 3-24-04 | SOB | 3-28-04 | 4 |
| Duval Union | 3-23-04 | 3-24-03 | Time served | 3-27-04 | 3 |

| | | | | | |
|---|---|---|---|---|---|
| Travis Houston | 3-25-04 | 3-25-04 | Dismissed | 3-27-04 | 2 |
| Barry Johnson | 3-25-04 | 3-25-04 | SOB | 3-26-04 | 1 |
| Bryan Kitts | 3-17-04 | 3-25-04 | Dismissed | 3-26-04 | 1 |
| Gloria Miller | 3-24-04 | 3-25-04 | SOB | 3-27-04 | 2 |
| Bernice Render | 3-25-04 | 3-25-04 | SOB | 3-27-04 | 2 |
| Curtis Thorton | 3-25-04 | 3-25-04 | SOB | 3-28-04 | 3 |
| Larry Bostic | 3-25-04 | 3-26-04 | Dismissed | 3-28-04 | 2 |
| Jeffrey Cain | 3-25-04 | 3-26-04 | Time served | 3-29-04 | 3 |
| Benjamin Dykes | 3-25-04 | 3-26-04 | SOB | 3-28-04 | 2 |
| Keith Green | 3-25-04 | 3-26-04 | Time served | 3-28-04 | 2 |
| James Jones | 3-25-04 | 3-26-04 | SOB | 3-29-04 | 3 |
| Michael Netters | 3-26-04 | 3-26-04 | Time served | 3-28-04 | 2 |
| James Smith | 3-26-04 | 3-26-04 | Time served | 3-31-04 | 5 |
| Demiron Chester | 3-25-04 | 3-26-04 | SOB | 4-3-04 | 8 |
| Dwight Davis | 3-25-04 | 3-26-04 | SOB | 3-31-04 | 5 |
| Dennis Fannin | 3-25-04 | 3-26-04 | Time served | 4-1-04 | 6 |
| Kendrick Freeman | 3-25-04 | 3-26-04 | SOB | 4-1-04 | 6 |
| Lee Gamble | 3-25-04 | 3-26-04 | SOB | 3-30-04 | 4 |
| Mostafa Ghorbani | 3-25-04 | 3-26-04 | Time served | 4-1-04 | 6 |
| Phillip Quinones | 3-25-04 | 3-26-04 | Time served | 4-6-04 | 11 |
| Michael Gladney | 3-26-04 | 3-27-04 | Time served | 3-29-04 | 2 |
| Kevin Ball | 3-26-04 | 3-27-04 | SOB | 3-29-04 | 2 |
| Antonio Battle | 3-26-04 | 3-27-04 | SOB | 3-29-04 | 2 |

| | | | | | |
|---|---|---|---|---|---|
| John Bentley | 3-22-04 | 3-27-04 | Time served | 3-29-04 | 2 |
| Shakita Brew | 3-26-04 | 3-27-04 | SOB | 3-29-04 | 2 |
| Antonio Griffin | 3-27-04 | 3-27-04 | SOB | 3-29-04 | 2 |
| Catrina Hollis | 3-25-04 | 3-27-04 | Dismissed | 3-29-04 | 2 |
| Charlie Howard | 3-27-04 | 3-27-04 | Time served | 3-29-04 | 2 |
| Joseph Hunt | 3-26-04 | 3-27-04 | SOB | 3-28-04 | 1 |
| Shakita McLester | 3-26-04 | 3-27-04 | SOB | 3-29-04 | 2 |
| Richard Minor | 3-25-04 | 3-27-04 | SOB | 3-29-04 | 2 |
| Travis Moore | 3-26-04 | 3-27-04 | Time served | 3-29-04 | 2 |
| Kyle Palmer | 3-26-04 | 3-27-04 | Time served | 3-29-04 | 2 |
| James Sidel | 3-25-04 | 3-27-04 | SOB | 3-29-04 | 2 |
| Steven Taylor | 3-27-04 | 3-27-04 | SOB | 3-28-04 | 1 |
| Rodney Townsend | 3-25-04 | 3-27-04 | SOB | 3-31-04 | 4 |
| Bryan Turner | 3-26-04 | 3-27-04 | Time served | 3-28-04 | 1 |
| Shawn Williams | 3-22-04 | 3-27-04 | Time served | 3-29-04 | 2 |
| Dale Baldwin | 3-28-04 | 3-29-04 | SOB | 4-1-04 | 3 |
| Lawrence Caldwell | 3-28-04 | 3-29-04 | Time served | 3-30-04 | 1 |
| Alfred Couch | 3-27-04 | 3-29-04 | SOB | 3-30-04 | 1 |
| Michelle Couch | 3-27-04 | 3-29-04 | SOB | 3-30-04 | 1 |
| Harold Gooden | 3-27-04 | 3-29-04 | SOB | 4-1-04 | 3 |
| Sandeep Gupta | 3-27-04 | 3-29-04 | SOB | 3-30-04 | 1 |
| Curtis Harris | 3-27-04 | 3-29-04 | SOB | 3-30-04 | 1 |
| Verner Harris | 3-27-04 | 3-29-04 | Time served | 4-1-04 | 3 |
| Michael Kingcaid | 3-27-04 | 3-29-04 | SOB | 3-30-04 | 1 |
| Nadir Quadir | 3-27-04 | 3-29-04 | SOB | 3-31-04 | 2 |
| Kelvin Robinson | 3-28-04 | 3-29-04 | Time served | 3-30-04 | 1 |

| | | | | | |
|---|---|---|---|---|---|
| Lynn Ann Thompson | 3-27-04 | 3-29-04 | Dismissed | 3-31-04 | 2 |
| Nyroble White | 3-27-04 | 3-29-04 | Time served | 4-1-04 | 3 |
| Jeffrey Williams | 3-27-04 | 3-29-04 | SOB | 3-31-04 | 2 |
| Arbram Adams | 3-27-04 | 3-29-04 | SOB | 3-31-04 | 2 |
| Ronald Boutte | 3-28-04 | 3-29-04 | SOB | 3-31-04 | 2 |
| Howard Brown | 3-27-04 | 3-29-04 | SOB | 3-31-04 | 2 |
| Lucia Davis | 3-27-04 | 3-29-04 | SOB | 3-31-04 | 2 |
| Sidy Diallo | 3-26-04 | 3-29-04 | SOB | 4-1-04 | 3 |
| Ann Gilbert | 3-28-04 | 3-29-04 | Time served | 3-31-04 (hold) | 2 |
| Darrell Glover | 3-28-04 | 3-29-04 | Time served | 3-31-04 (hold) | 2 |
| Dotruell Jordan | 3-28-04 | 3-29-04 | SOB | 3-30-04 | 1 |
| Max Lipchonsky | 3-28-04 | 3-29-04 | SOB | 4-1-04 | 3 |
| Eric Smith | 3-28-04 | 3-29-04 | Time served | 4-1-04 | 3 |
| Amos Brown | 3-29-04 | 3-30-04 | Dismissed | 4-1-04 | 2 |
| Avery Childs | 3-29-04 | 3-30-04 | SOB | 4-1-04 | 2 |
| Rodrick Contrell | 3-29-04 | 3-30-04 | SOB | 4-1-04 | 2 |
| Demarcus Ellis | 3-29-04 | 3-30-04 | SOB | 4-1-04 | 2 |
| Kewonnus Harness | 3-29-04 | 3-30-04 | Time served | 4-1-04 | 2 |
| Lamar Jefferson | 3-29-04 | 3-30-04 | Dismissed | 4-1-04 | 2 |
| Mary Magnes | 3-29-04 | 3-30-04 | SOB | 4-1-04 | 2 |
| Frank Murrell | 3-22-04 | 3-30-04 | Time served | 4-1-04 | 2 |
| Brian Quinn | 3-24-04 | 3-30-04 | Dismissed | 4-1-04 | 2 |
| Diane Thomas | 3-29-04 | 3-30-04 | Time served | 4-1-04 | 2 |
| Leroy Thompson | 3-29-04 | 3-30-04 | SOB | 4-1-04 | 2 |

| Patricia Brumley | 3-29-04 | 3-30-04 | Time served | 4-1-04 | 2 |
|---|---|---|---|---|---|
| Terry Bailey | 3-30-04 | 3-31-04 | SOB | 4-3-04 | 3 |
| Wesley Cosby | 3-30-04 | 3-31-04 | Time served | 4-2-04 | 2 |
| Maurice Edwards | 3-30-04 | 3-31-04 | SOB | 4-3-04 | 3 |
| Jason Underwood | 3-30-04 | 3-31-04 | SOB | 4-3-04 | 3 |
| Henry Bell | 3-30-04 | 3-31-04 | SOB | 4-1-04 | 1 |
| Mikal Cartier | 3-30-04 | 3-31-04 | SOB | 4-3-04 | 3 |
| Marcene Cooper | 3-30-04 | 3-31-04 | SOB | 4-1-04 | 1 |
| John Daniell | 3-30-04 | 3-31-04 | SOB | 4-1-03 | 1 |
| Mark Hillegas | 3-30-04 | 3-31-04 | SOB | 4-2-04 | 2 |

153. Inmates routinely have to obtain attorneys or inmate rights organizations on the outside to call the Records Office just to obtain release in accordance with their Release Dates.

154. On information and belief, at any one time up to 5-20% of the Fulton County Jail population is being held past their Release Dates.

155. The policies of the Fulton County Jail, and the overcrowding, cascade into larger problems.

49

156. The Sheriff returns all in-custody defendants from the courtrooms to the jail to the cells they occupied before court, after they have been ordered released, in order to check for wants and holds in other cases.

157. The court returns swell the backlog in an already overcrowded system.

158. Because the system is plagued by erroneous releases of persons released before their release dates, the jail imposes extra release checks that would not be needed in a functioning Records Office, thereby further slowing an already overclogged, backlogged system.

159. Many inmates are not processed and booked into the jail's computerized inmate management system for a day or more after commitment, in many cases after the first appearance.

160. Failing to book persons in upon commitment prohibits these inmates from being released before first appearance under a bond set by schedule; persons cannot be bonded out until they have been entered into the system.

161. Persons who have not been booked in until after first appearance cannot be released promptly because they must be booked in before wants and holds checks can be run on them and they have been booked in.

162. Many inmates held at the Fulton County Jail are overdetained by 24 hours or more because the breakdown of the inmate management system has resulted in a backlog of inmates awaiting release. Therefore, inmates who have been ordered released by a judge are held one or more days past their Release Dates.

### Arrestee Strip Searches Performed By the Fulton County Jail

163. On March 21, 2004, Plaintiff Alan Powell was booked into the Fulton County Jail's general population. He was subjected to a strip search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons.

164. On February 6, 2003, Plaintiff Tory Dunlap was booked into the Fulton County Jail's general population. He was subjected to a strip search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons

165. On December 20, 2003, Plaintiff Lee Antonio Smith was booked into the Fulton County Jail's general population. He was subjected to a strip search

without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons.

166. On August 22, 2003, Plaintiff David Evans was booked into the Fulton County Jail's general population.  He was subjected to a strip search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons.

### Plaintiff C. Alan Powell's Overdetention By the Fulton County Jail

167. On or about Saturday March 20, 2004, Plaintiff C. Alan Powell was detained in the Fulton County Jail.

168. Plaintiff Alan Powell's Release Date was about March 21, 2004, when he made bond.

169. Plaintiff Alan Powell's Exit Date was March 23, 2004.

170. Plaintiff Alan Powell was overdetained for three days at the Fulton County Jail.

171. The moving force behind Plaintiff Alan Powell's overdetention was the collapse of the Fulton County Jail' inmate management system, and Defendant Jacqueline Barrett's deliberate indifference.

172. Plaintiff Alan Powell suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the over detention.

### Tory Dunlap's Overdetention By the Fulton County Jail

173. On or about Friday, February 13, 2002, Plaintiff Tory Dunlap was committed to the Fulton County Jail.

174. Plaintiff Tory Dunlap's Release Date was March 31, 2003.

175. Plaintiff Tory Dunlap's Exit Date was April 4, 2003.

176. Plaintiff Tory Dunlap was overdetained for four days at the Fulton County Jail.

177. The moving force behind Plaintiff Tory Dunlap's overdetention was the collapse of the Fulton County Jail' inmate management system, and Defendant Jacqueline Barrett's deliberate indifference.

178. Plaintiff Tory Dunlap suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Lee Antonio Smith's Overdetention By the Fulton County Jail

179. On or about Thursday night, May 9, 2002, Plaintiff Lee Antonio Smith was committed to the Fulton County Jail.

180. Plaintiff Lee Antonio Smith's Release Date was December 22, 2003.

181. Plaintiff Lee Antonio Smith's Exit Date was December 25, 2003.

182. Plaintiff Lee Antonio Smith was overdetained for three days at the Fulton County Jail.

183. The moving force behind Plaintiff Lee Antonio Smith's overdetention was the collapse of the Fulton County Jail' inmate management system, and Defendant Jacqueline Barrett's deliberate indifference.

184. Plaintiff Lee Antonio Smith suffered anxiety, loss of freedom and other damages as a result of the overdetention.

### David Evans' Overdetention By the Fulton County Jail

185. Plaintiff David Evans's Release Date from the Fulton County Jail was December 4, 2003.

186. Plaintiff David Evans' Exit Date was December 14, 2003.

187. Plaintiff David Evans was overdetained for ten days at the Fulton County Jail.

188. The moving force behind Plaintiff David Evans' overdetention was the collapse of the Fulton County Jail's inmate management system, and Defendant Jacqueline Barrett's deliberate indifference.

<u>Plaintiff David Evans' Court Return Strip Search</u>

189. On December 4, 2003, Plaintiff David Evans was booked back into the Fulton County Jail's general population.   He was subjected to a strip search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons even though a court had ordered his release.

## SUBSTANTIVE ALLEGATIONS

## CLAIMS OF ARRESTEE STRIP SEARCH NAMED PLAINTIFFS

### Count 1

Section 1983 Claims of Arrestee Strip Search Named Plaintiffs

190. The Arrestee Strip Search Named Plaintiffs reallege and incorporate by reference all allegations set forth above in this Complaint.

191. Upon being booked into the Fulton County Jail, each of the Arrestee Strip Search Named Plaintiffs and every other Arrestee Strip Search Class member were subjected to a strip search without an individual determination that the search would reveal weapons, drugs or other contraband.

192. Subjecting an arrestee arrested on a non-drug, non-weapon non- violent felony offense to a strip search, without an individual determination that the search would reveal weapons, drugs or other contraband, violates his or her Fourth Amendment and Fourteenth Amendment Rights.

193. Defendant Jacqueline Barrett knew that the Arrestee Strip Search Named Plaintiffs and other class members would be subjected to the searches

in the Fulton County Jail, and acquiesced in the searches.

194. Defendant's actions, and failures to act as described above, directly and proximately and affirmatively were the moving forces behind the violations of the Arrestee Strip Search Named Plaintiffs, and the class members' Fourth and Fourteenth Amendment Rights.

195. Defendant caused the unreasonable strip searches of the Arrestee Strip Search Named Plaintiffs and all other class members by deliberate indifference to the risk of constitutional injury by maintaining and/or acquiescing in a policy and practice and custom of strip searching arrestees.

196. Defendant is therefore liable under 42 U.S.C. §1983 for constitutional injuries to the Arrestee Strip Search Named Plaintiffs and all other class members caused by their conduct.

## Count 2

### Negligent Training and Negligent Supervision and Failure to Implement Policies

197. The Arrestee Strip Search Named Plaintiffs reallege and incorporate by reference all allegations set forth above in this Complaint.

198. Defendant Jacqueline Barrett entrusted certain duties including, but not limited to, searching all arrestees booked into the Fulton County Jail to certain jail employees.

199. Therefore, Defendant Jacqueline Barrett had a duty to exercise reasonable care in training, supervising and disciplining such employees in exercising their duties.

200. The need for such training was and is obvious from the nature of the responsibilities entrusted to such jail employees.

201. Defendant Jacqueline Barrett deliberately failed to implement and enforce procedures employees needed to ensure the constitutional searches of inmates.

202. The problems at the jail described above, and the various reports in the media, should have made it obvious to Defendant Jacqueline Barrett that the training employees under her supervision and control were receiving was inadequate, that the policies in place were inadequate, and that, as a direct and proximate result of these inadequacies, the inmates under her supervision would suffer injury.

203. Defendant Jacqueline Barrett negligently trained and supervised, or negligently failed to train and supervise, such employees in their duties;, failed to implement policies, and as a result, such employees were incompetent to perform their duties.

204. This negligent training; negligent failure to train; failure to  supervise, and failure to implement policies by Defendant Jacqueline Barrett resulted in the unconstitutional strip searches of the Arrestee Strip Search Named Plaintiffs  and the other members of the putative class.

205. As a result of said negligence of Defendant Jacqueline Barrett, Arrestee Strip Search Named Plaintiffs suffered injuries described in the preceding paragraphs of this Complaint.

## CLAIMS OF OVERDETENTION NAMED PLAINTIFFS

## Count 3

### Section 1983 Claims of Overdetention Named Plaintiffs

206. The Overdetention Named Plaintiffs reallege and incorporate by reference all allegations set forth above in this Complaint.

207. Defendant Jacqueline Barrett was, at all times relevant herein, the supervisor of the jail employees charged with ensuring the release on their Release Dates of all inmates in the custody of the Fulton County Jail.

208. Defendant Jacqueline Barrett deliberately failed to train, monitor and discipline such employees.

209. Defendant Jacqueline Barrett deliberately failed to implement and enforce procedures employees needed to ensure the timely release of inmates.

210. Defendant Jacqueline Barrett had both actual and constructive knowledge that such employees were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to The Overdetention Named Plaintiffs and other members of the class.

211. Defendant Jacqueline Barrett engaged in a pattern of continued inaction in the face of employees' documented widespread abuse of the Fourth, Eighth and Fourteenth Amendment rights of the Overdetention Named Plaintiffs' and the other members of the class by failing to ensure their release on their Release Dates.

61

212. Defendant Jacqueline Barrett's actions, and failures to act as described above, directly, proximately, and affirmatively caused the violations of the Fourth, Eighth and Fourteenth Amendment rights of the Overdetention Named Plaintiffs' and the other members of the class.

213. The deprivations to the Fourth, Eighth and Fourteenth Amendment rights of the Overdetention Named Plaintiffs and the other members of the class were committed by Defendant Jacqueline Barrett while she was acting under color of state law, and was acting pursuant to the policy, custom and practice of Fulton County Jail.

214. Defendant Jacqueline Barrett' actions, and failures to act, as described above, directly and proximately caused injury described above to the Overdetention Named Plaintiffs' and the other members of the class.

## Count 4

### Negligent Training and Negligent Supervision and Failure to Implement Policies Claims of Overdetention Named Plaintiffs

215. The Overdetention Named Plaintiffs reallege and incorporate by reference all allegations set forth above in this Complaint.

216. Defendant Jacqueline Barrett entrusted certain duties including but not limited to ensuring the release on their Release Dates of all inmates in Fulton County Jail custody to certain jail employees.

217. Therefore, Defendant Jacqueline Barrett had a duty to exercise reasonable care in training, supervising, and disciplining such employees in exercising their duties.

218. The need for such training was obvious from the nature of the responsibilities entrusted to jail employees.

219. Defendant Jacqueline Barrett deliberately failed to implement and enforce procedures employees needed to ensure the timely release of inmates.

220. The problems at the jail described above, and the various reports in the media, should have made it obvious to Defendant Jacqueline Barrett that the training employees under her supervision and control were receiving was inadequate, that the policies in place were inadequate, and that, as a direct and proximate result, the inmates under her supervision would suffer injury.

221. Defendant Jacqueline Barrett negligently trained and supervised, or negligently failed to train and supervise, such employees in their duties. She further failed to implement policies and, as a result, such employees were incompetent to perform their duties.

222. This negligent training, and negligent failure to train and supervise, and failure to implement policies by Defendant Jacqueline Barrett resulted in the complete breakdown in the inmate management system of the Fulton County Jail. These failures have caused the overdetention of The Overdetention Named Plaintiffs and the other members of the putative class.

223. As a result of said negligence of Defendant Jacqueline Barrett, The Overdetention Named Plaintiffs suffered injuries described in the preceding paragraphs of this Complaint.

## CLAIMS OF COURT RETURN STRIP SEARCH NAMED PLAINTIFF

### Count 5

#### Section 1983 Claim of Court Return Strip Search Named Plaintiff

224. The Court Return Strip Search Named Plaintiff realleges and incorporates by reference all allegations set forth above in this Complaint.

225. Upon returning from the Superior Court or State Court to the Fulton County Jail after court hearings at which a judge ordered him released, the Court Return Strip Search Named Plaintiff, and every other Court Return Strip Search Class member, was subjected to a strip search without an

individual determination that the search would reveal weapons, drugs or other contraband.

226. Subjecting court returns entitled to release by virtue of their court appearances to strip searches without an individual determination that the search would reveal weapons, drugs or other contraband violates their Fourth Amendment and Fourteenth Amendment Rights.

227. Defendant Jacqueline Barrett knew that the Court Return Strip Search Named Plaintiff and other class members would be subjected to searches in the Fulton County Jail, and acquiesced in such searches.

228. Defendant's actions, and failure to act as described above, directly and proximately and affirmatively were and are the moving forces behind the violations of the Court Return Strip Search Named Plaintiff and the class members' Fourth and Fourteenth Amendment Rights.

229. Defendant caused the unreasonable strip searches of the Court Return Strip Search Named Plaintiff and all other class members by deliberate indifference to the risk of constitutional injury by maintaining and/or acquiescing in a policy and practice and custom of strip searching arrestees.

230. Defendant is therefore liable under 42 U.S.C. §1983 for constitutional injuries to the Court Return Strip Search Named Plaintiff and all other class members caused by their conduct.

## Count 6

Negligent Training and Negligent Supervision and Failure to Implement Policies Regarding Searches of Court Return Strip Search Class Members

231. The Court Return Strip Search Named Plaintiff realleges and incorporates by reference all allegations set forth above in this Complaint.

232. Defendant Jacqueline Barrett entrusted certain duties, including but not limited to, searching all court returns booked back into the Fulton County Jail to certain jail employees.

233. Therefore, Defendant Jacqueline Barrett had a duty to exercise reasonable care in training, supervising, and disciplining such employees in exercising their duties.

234. The need for such training was obvious from the nature of the responsibilities entrusted to such jail employees.

235. Defendant Jacqueline Barrett deliberately failed to implement and enforce procedures employees under her supervision and control needed to ensure the constitutional searches of court returns entitled to release by virtue of their court appearances.

236. The problems at the jail described above, and the various reports in the media should have made it obvious to Defendant Jacqueline Barrett that the training such employees were receiving was inadequate, the policies in place were inadequate, and that as a direct and proximate result of these inadequacies, the inmates under her supervision would suffer injury.

237. Defendant Jacqueline Barrett negligently trained and supervised, or negligently failed to train and supervise such employees in their duties, and failed to implement policies. As a direct result of these failures, such employees were incompetent to perform their duties.

238. This negligent training, and negligent failure to train and supervise, and failure to implement policies by Defendant Jacqueline Barrett resulted in the unconstitutional strip searches of the Court Return Strip Search Named Plaintiff and the other members of the putative class.

239. As a result of said negligence of Defendant Jacqueline Barrett, Court Return Strip Search Named Plaintiff suffered injuries described in the preceding paragraphs of this Complaint.

## IRREPARABLE INJURY AND INJUNCTIVE RELIEF

240. Defendant is overdetaining members of the plaintiff class, and unreasonably subjecting members of the Arrestee Strip Search Class and the Court Return Strip Search Class to strip searches which irreparably harms them, even if they are later able to recover compensatory damages.

241. Defendant's overdetaining members of the plaintiff class, and performing illegal strip searches of the Arrestee Strip Search Class and the Court Return Strip Search Class, has irreparably harmed them and will continue to irreparably harm members of the proposed plaintiff Overdetention Class and Arrestee Strip Search Class and the Court Return Strip Search Class, thus making declaratory and injunctive relief necessary.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

1. grant a jury trial on all claims so triable;

2. declare that with respect to the Arrestee Strip Search Class this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) and certifying the Arrestee Strip Search Named Plaintiffs as the proper representative of the class consisting of each person who, in the two years preceding the filing of this action up until the date this case is terminated, was or will be, (i) upon being arrested and committed into the Fulton County Jail; (ii) on a charge other than a charge of drugs, weapon or felony violence; (iii) was subjected to a blanket strip search

without any individualized finding of reasonable suspicion or probable cause that he or she was concealing drugs, weapons or other contraband.

3. declare that, with respect to the Overdetention Class, this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b) (2), and 23(b)(3) and certifying the Overdetention Named Plaintiffs as the proper representative of the Overdetention Class consisting of class consisting of: (a) each person who has been, is, or will be incarcerated in any Fulton County Jail facility in the two years preceding the filing of this action up to and until the date this case is terminated; and (b) who was not released, or, in the future, will not be released by midnight on the date on which the person is entitled to be released by court order, posting bail, or the date on which the basis for his or her detention has otherwise expired.

4. declare that with respect to the Court Return Strip Search Class this action may be maintained as a class action pursuant to Rules 23(a), 23(b) (2), and 23(b) (3) of the Federal Rules of Civil Procedure on behalf of a class consisting of: each person who, in the two years preceding the filing of this action up until the date this case is terminated, has been, is or will be: (i) in the custody of the Fulton County Jail; (ii) taken to court form the Fulton

County Jail; (iii) ordered released by the court or otherwise became entitled to release by virtue of the court appearance because the charge on which he had been held was no longer pending or was dismissed at the hearing, was ordered released on his own recognizance, or had posted bail, was sentenced to time served, was acquitted or was otherwise entitled to release; (iv) was not the subject of any other pending case or cases which imposed any condition of release other than personal recognizance; (v) was not the subject of any detainer or warrant; (vi) was returned to the Fulton County Jail; and (vii) was subjected to a strip search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons before being released, regardless of whether he was overdetained.

5. Name Dan DeWoskin, Charles Pekor, J.P. Claiborne, William Claiborne, and Lynn Cunningham as class counsel for all classes. William Claiborne is a member of the bar of the District of Columbia and is an active member in good standing of the Bar of the State of Georgia. He plans to move for admission to this Court and is an experienced class counsel. Charles Pekor is an active member in good standing of the Bar of the State of Georgia. He has moved for admission to this Court. Lynn Cunningham is a member of the bar

of the District of Columbia and is an experienced class counsel and plans to move this Court for admission pro haec vice.

6. preliminarily and permanently enjoin defendant from pursuing the course of conduct complained of herein;

7. preliminarily and permanently enjoin defendant from pursuing settlement directly with any member of the putative Arrestee Strip Search Class or the Overdetention Class or the Court Return Strip Search Class described herein unless that person is represented by counsel;

8. award all Plaintiffs and class members compensatory and consequential damages in an amount to be determined;

9. appoint an independent monitor to supervise the receiving and discharge area to ensure that all new commitments are not strip searched or full body cavity searched without an individualized finding of reasonable suspicion;

10. appoint an independent monitor to supervise the Records Office to ensure that all inmates are released on or before their Release Dates;

11. appoint an independent monitor to supervise the receiving and discharge area to ensure that court returns entitled to release are not strip searched or

full body cavity searched without an individualized finding of reasonable

suspicion;

12. award Plaintiffs' attorneys' fees and costs incurred in bringing this action

under 42 U.S.C. §1988; and

13. grant such other relief as this Court deems just and proper.

Respectfully submitted,

Daniel E. DeWoskin
Georgia Bar # 220327
Counsel for the Arrestee Strip Search
Class and the Overdetention Named
Plaintiffs and Court Return Strip Search
Named Plaintiff
270 Peachtree Street, N.W.
Suite 1060
Atlanta, GA 30303
Phone 404-221-8887
Phone 404-230-9171
Fax     404-221-8884

Respectfully submitted,

J. P. Claiborne, signed with consent - DED

J.P. Claiborne
Georgia Bar # 126337
Counsel for the Arrestee Strip Search
Class and the Overdetention Named
Plaintiffs and Court Return Strip Search
Named Plaintiff
699 Broad Street
Ste 1206
Augusta, GA 30901

Phone 706-722-8224
Fax    706-722-8236

## JURY DEMAND

Plaintiffs demand a jury of six as to all claims so triable.

Daniel E. DeWoskin
Georgia Bar # 220327
Counsel for the Arrestee Strip Search
Class and the Overdetention Named
Plaintiffs and Court Return Strip Search
Named Plaintiff
270 Peachtree Street, N.W.
Suite 1060
Atlanta, GA 30303
Phone 404-221-8887
Phone 404-230-9171
Fax    404-221-8884

DATED:  April 21, 2004

**ORIGINAL**

%AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Northern _____ District of Georgia _____

C. ALAN POWELL, TORY DUNLAP, et al
and on behalf of all others similarly
situated

**SUMMONS IN A CIVIL CASE**

V.

JACQUELINE BARRETT, SHERIFF OF
FULTON COUNTY, STATE OF GEORGIA

CASE NUMBER:

**1:04-CV-1100** *GET*

TO: (Name and address of Defendant)

JACQUELINE BARRETT, Sheriff of Fulton County
Fulton County Justice Center Tower
185 Central Avenue SW
Atlanta, Georgia 30303

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Daniel E. DeWoskin, Pekor & DeWoskin LLC, Attorneys at Law
Southern Company Building, 270 Peachtree Street, NW
Suite 1060, Atlanta, Georgia 30303

an answer to the complaint which is herewith served upon you, within _20_ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

LUTHER D. THOMAS

APR 21 2004

CLERK

(BY) DEPUTY CLERK

DATE

%AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
              Date                    Signature of Server


              _____
              Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.