**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

C. ALAN POWELL, *et al.*, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:04-CV-1100-RWS
JACQUELINE H. BARRETT, :
:
    Defendant. :
:

## **ORDER**

Following remand of this case from the Eleventh Circuit Court of Appeals, the Court conducted a scheduling conference with counsel. At the conference, the Court requested that counsel endeavor to agree upon a discovery schedule and submit it to the Court. After the parties were unable to agree upon a schedule, the Court requested that they submit proposed plans to the Court. Having reviewed the proposed plans, the Court enters the following Order.

The procedural posture of this case is somewhat unique. The remand from the Court of Appeals directs that discovery proceed. However, the discovery suggested by the Court of Appeals is directed toward a determination

of whether strip searches of the "Alpha Strip Search Class" (AL Group) and "Court Return Strip Search Class" (CR Group) were unconstitutional. After conferring with counsel, the Court decided to also authorize limited discovery concerning the overdetention issue.

The Court concludes that discovery should be narrowly limited until the threshold constitutional questions can be decided. Accordingly, the Court adopts the proposed Discovery Plan submitted by Defendants.

The Eleventh Circuit directed that, on remand, "the parties, either by stipulation or evidentiary hearing, shall develop the record, including but not limited to the following":

As to the two plaintiffs in the AL Group:
- the time and date of entry into the jail;
- how long after that entry the strip search was conducted;
- whether the strip search was a part of the point-of-entry booking process;
- where the plaintiffs were kept in the jail both before and after the strip search was conducted;
- whether the strip search was pursuant to a blanket policy or, if not, explain;
- whether the strip search was conducted in the same manner as the AR Group as alleged in the Complaint;
- for Powell, what was the bond and at what time was it posted and by whom;
- for Matkin, the hour of Matkin's entry into the jail on March 18, the hour the judicial officer dismissed the charges at the jail on March 19, whether the judicial officer ordered release or dismissed the aggravated assault charge;
- the process used for notifying the jail's booking section and records

2

section of the orders of the judicial officer entered in the jail;
- the process for checking other outstanding detention orders, warrants or holds and how long did that process take;
- and the process for releasing an inmate when bond has been posted and how that relates to the point-of-entry booking process.

As to the two plaintiffs in the CR Group, the Eleventh Circuit ordered factual development on the following issues:

- how long it took for the court to enter the release order and how it was transmitted to the jail;
- specify where the plaintiffs were placed after their return to the jail, i.e., general population as alleged in the complaint or a holding cell or other area while the records room or appropriate staff checked for detention orders, warrants or other holds on the in-custody inmate;
- how long it took for the jail to check for detention orders, warrants or other holds on the CR group;
- whether the strip search was conducted in the same manner as the initial point-of-entry strip search (showers and visual inspection), and, if not, how it was conducted;
- whether the strip search was a blanket practice on all court return inmates and the jail's justifications and reasons for strip searching the plaintiffs in the CR group;
- given the overcrowding at the jail and the need to process out inmates who have been ordered released, why the jail places the CR inmates ordered released back into the jail's general population as opposed to segregating them for immediate processing out of the jail if no other detention orders, warrants or holds are in place;
- and the length of time between the point-of-entry searches of these two plaintiffs and their second searches upon return from the court.

The Remand Order further provides that, when the relevant factual development is complete, the District Court is to "apply the principles discussed in this Court's en banc opinion to the facts developed." On February 24, 2009, this

3

Court entered an Order making the Eleventh Circuit's mandate the Judgment of this Court. (Doc. 183.)

### A. <u>Scope of Initial Phase of Discovery</u>

Discovery is authorized only on the subjects expressly stated in the Remand Order and on closely related ancillary subjects to the extent necessary to determine whether any of the named plaintiffs have been deprived of a clearly established constitutional right by being strip searched or overdetained while in the Defendant's custody. To assist with determination of the specific factual questions outlined by the Eleventh Circuit with regard to the strip search claims, the parties may engage in discovery limited to the parties, the issues, and the timeframe set forth in the Remand Order. Specifically, the limited discovery shall seek to discover responses to the questions set forth in the Remand Order involving the strip search claims asserted by the AL Group and the CR Group plaintiffs, including whether the strip searches alleged by those named plaintiffs were conducted in the same manner as alleged in the Fourth Amended Complaint by the Arrestee Strip Search named plaintiffs. The parties may conduct additional discovery that is reasonably necessary to respond to the factual questions posed by the Eleventh Circuit and to determine whether the strip searches, if any, of the named plaintiffs who purport to represent the AL

4

and CR groups, constituted a deprivation of those named plaintiffs' constitutional rights. Class discovery, including discovery regarding the number or identities of any persons overdetained or strip-searched at the Jail (other than the named plaintiffs), is not authorized.

In addition, pursuant to the Court's oral ruling at the March 26, 2009, scheduling conference, the parties may proceed with discovery regarding the named plaintiffs' overdetention claims. This discovery shall be limited to determination of factual issues needed to determine whether any named plaintiff suffered a constitutional violation with regard to his overdetention claims. Specifically, the parties may discover the length of the named plaintiffs' detention and the circumstances surrounding their release from the Fulton County Jail.

### B. Initial Disclosures

Though these proceedings are exempt from initial disclosure at this stage per F.R.Civ.P. 26(a)(B)(viii), the parties have agreed to a limited disclosure. During this preliminary phase of factual development, initial disclosures shall be limited to an initial exchange of documents, as follows:

Defendants shall produce to Plaintiffs: (1) the inmate records of the named Plaintiffs who have asserted AR claims, CR claims, and/or overdetention

5

claims, and (2) any written policies regarding strip searches or release procedures that were in force at the Fulton County Jail on the dates that any named Plaintiff allegedly was strip searched or overdetained.

Plaintiffs shall produce to Defendants all documents in their possession or control regarding the period and circumstances of their incarceration in the Fulton County Jail, as well as the date, time and circumstances of their release.

### C. <u>Written Discovery</u>

In addition to the above-described exchange of documents, there shall be a period of forty-five (45) days from the execution of the Scheduling Order within which the parties may serve written discovery, including interrogatories and requests for production of documents, limited to the scope of discovery as ordered above. Plaintiffs (collectively) and defendant Barrett may serve a maximum of fifteen interrogatories each, including all discrete subparts, and a maximum of fifteen requests for admission. Responses to both interrogatories and requests for admission shall be due thirty days after service.

### D. <u>Depositions</u>

The parties shall have an additional sixty (60) days after the conclusion of written discovery to conduct depositions. Plaintiffs shall make themselves available for deposition. Likewise, the plaintiffs may depose defendant

AO 72A
(Rev.8/82)

Jacqueline Barrett or her designee(s) regarding the issues set forth in the Remand Order, as well as regarding whether the named plaintiffs were deprived of their constitutional rights in connection with their alleged overdetention. These depositions shall be limited to the scope of discovery as ordered above.

Each deposition shall be limited to a maximum of three hours unless the time is extended by agreement of parties. Defendant shall present defendant Barrett for a limited deposition now without prejudice to plaintiffs' right to depose her regarding other topics during any later phase of litigation, provided the total deposition time does not exceed six hours. Plaintiffs shall present each named plaintiff for a limited deposition now without prejudice to defendant's right to depose each named plaintiff regarding other topics during any later phase of litigation, provided the total deposition time for each named plaintiff does not exceed six hours.

### E. Filing of Proposed Stipulations

At the conclusion of this initial phase of discovery, the parties shall submit to the Court proposed stipulations of fact with citations to documents or deposition transcripts. Proposed stipulations shall be due twenty (20) days after conclusion of the deposition phase of discovery.

AO 72A
(Rev.8/82)

### F. Scheduling Conference

Upon the filing of parties' proposed stipulations, the Court will schedule a status conference to determine whether further discovery is necessary.

### G. Filing of Dispositive Motions

At the conclusion of the initial limited discovery period, the parties may file potentially dispositive motions on the issue of qualified immunity. At the scheduling conference, the Court shall set a briefing schedule for the filing of dispositive motions.

### H. Additional Discovery

After the Court rules on any dispositive motions, additional discovery will be permitted for any claims remaining in the case.

**SO ORDERED**, this  14th  day of July, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)