**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

C. ALAN POWELL, *ET AL.*, :
:
    Plaintiffs, :
:
v. : CIVIL ACTION NO.
: 1:04-CV-1100-RWS
JACQUELINE H. BARRETT, :
:
    Defendant. :

## **ORDER**

This case comes before the Court on Plaintiffs' Motion for a Protective Order on Deposition of Allen Middleton [228], Defendant's Motion to Compel Discovery [216], and Defendant's Motion to Dismiss Plaintiff Alan Powell for Failure to Prosecute [229]. The Court held a telephone conference on February 2, 2010, during which attorneys for both Plaintiffs and Defendant addressed the Motion for a Protective Order [228] and the Motion to Dismiss [229], as well as other discovery disputes between the parties. After reviewing the record and considering the arguments presented during the telephone conference, the Court enters the following Order.

I. **Plaintiff's Motion for a Protective Order on Deposition of Allen Middleton [228]**

Plaintiff's Motion for a Protective Order ("Pls.' Motion") [228] seeks to prohibit Defendant from examining Plaintiff Allen Lee Middleton concerning the contents of Defendant's Exhibit 140 ("Exhibit"). The Exhibit is a class action representative declaration Plaintiffs submitted in support of their motion for class certification on July 20, 2004. (Plaintiffs' Motion for Class Certification, Middleton Affidavit, Dkt. No. [15-39][1]). During the deposition of Mr. Middleton, defense counsel asked him whether he understood what paragraph three of the affidavit meant. Paragraph three reads: "I am a member of one of the putative arrestee strip search classes because I was subjected to a strip search as part of the intake process." Mr. Middleton's counsel objected to the question and instructed him not to answer the question. (Pls.' Motion at 6; Defendant's Response ("Def.'s Response"), Dkt. No. [232] at 3).

Mr. Middleton's counsel objected "to any questions that ask him about the classes because the judge has said that we can't do class discovery on his scheduling order." (Pls.' Motion at 3). Defendant's counsel made it clear that

---

[1] Dkt. No. [15-39] consists of two affidavits from Allen Middleton. The affidavit at issue is the second of the two, which begins on the fifth page of the exhibit.

2

AO 72A
(Rev.8/82)

he was not asking Mr. Middleton to make a legal assessment of the class in which he belonged, but rather to address the statement, "I was subjected to a strip search as part of the intake process." (Def.'s Response at 4). While this Court did enter an Order limiting the scope of discovery, it did not forbid questioning of factual matters surrounding the treatment of a Plaintiff while in jail. (See Order of July 14, 2009, Dkt. No. [199]). The question posed by Defendant's counsel sought relevant and discoverable information and therefore Plaintiff's Motion for a Protective Order is **DENIED**. Furthermore, Mr. Middleton will be made available to be deposed by Defendant for one more hour.

Defendant's counsel told Plaintiffs' counsel during the deposition that he would seek sanctions if Mr. Middleton was not allowed to answer questions about the factual statements made in his affidavit. (Def.'s Response at 5-6). Defendant does make a request for sanctions in its Response to Plaintiff's Motion. (Id. at 6). Defendant is seeking the cost of defending Plaintiff's Motion, including reasonable attorneys' fees, as well as the cost of taking the additional deposition testimony of Mr. Middleton. Plaintiff's Motion for a Protective Order lacks any arguable merit. See Fed R. Civ. P. 30(c)(2) (outlining the conditions under which a deponent may be instructed not to

3

answer a question, none of which are applicable to the facts of this situation).
Therefore, the Court has determined that Defendant is entitled to sanctions and should submit a statement of costs to the Court.

II. **Defendant's Motion to Dismiss Plaintiff Alan Powell for Failure to Prosecute [229]**

Plaintiff C. Alan Powell failed to appear for his deposition scheduled on December 10, 2009. (Defendant's Motion to Dismiss, Exhibit A, Affidavit of Nonappearance of Chester Alan Powell, Dkt. No. [229-2]). This deposition was the second one noticed for Mr. Powell. (Id.). The first also did not go forward. (Id.). In light of Plaintiff Powell's failure to prosecute his case, he is **DISMISSED** as a class representative.

III. **Other Discovery Disputes**

A number of other discovery disputes were addressed during the February 2 telephone conference. Plaintiffs, based on responses to interrogatories posed to Sheriff Barrett, are concerned that there are pertinent questions concerning the manner in which courtroom decisions are communicated to the jail that Sheriff Barrett will not be able to answer. Therefore, Plaintiffs have made a request to depose an additional individual who may be better positioned to answer these questions. That request is

4

**DENIED**. If unanswered questions pertaining to the manner in which decisions are communicated from the courtroom to the jail remain following Sheriff Barrett's deposition, Plaintiffs may submit those questions to Defendant's counsel in the form of interrogatories and Defendant's counsel will make a good faith effort to have those questions answered by an individual who possesses the requisite knowledge.

Plaintiffs have also requested additional time to depose Lieutenant Beasley concerning Plaintiff Evans's jail records. That request is **DENIED**. If Plaintiffs need clarification of discrete entries contained in those records, they may submit those questions to Defendant's counsel. Defendant's counsel will make a good faith effort to obtain the answers to those questions.

Plaintiffs' counsel and Defendant's counsel were unable to agree upon a location to depose Sheriff Barrett, each preferring a different location within Atlanta, Georgia. Since the parties are unable to resolve this dispute by themselves, the Court has determined that the deposition will be held at the office of Plaintiffs' counsel, Charles B. Pekor, Jr.

Defendant has made a request for the medical records of Plaintiff Witherspoon. Defendant represents, and Plaintiffs do not disagree, that Mr. Witherspoon's ability to recall information pertaining to his arrest and time in

5

jail is diminished due to issues associated with his health. In no instance will Defendant be privy to the entirety of Mr. Witherspoon's health records. However, if any of Mr. Witherspoon's statements are going to be offered into evidence in this case, Defendant will be entitled to records concerning Mr. Witherspoon's mental capacity.

Defendant has also made a request for any records concerning Mr. Dunlap's bail. Plaintiffs have averred that no such records have been found, but if any are found, such records will be produced. Both parties are subject to ongoing discovery obligations and have a duty to supplement any previous discovery response if requested information becomes available.

Finally, Defendant's filed a Motion to Compel Discovery [216] on October 29, 2009. In that motion, Defendant addresses shortcomings in the documents produced by Plaintiffs as well as difficulty scheduling Plaintiffs depositions. Since the filing of that motion, the Court has held telephone conferences on December 2, 2009 and February 2, 2010, as well as having other communications with the parties in an effort to resolve outstanding discovery disputes. The concerns raised by Defendant in its October 29 Motion have subsequently been addressed. Therefore, Defendant's Motion to Compel Discovery [216] is **DENIED AS MOOT**.

6

## Conclusion

Plaintiffs' Motion for a Protective Order on Deposition of Allen Middleton [228] is **DENIED**. The Court has determined that Defendant is entitled to sanctions for Plaintiff's Motion [228] and is directed to submit a statement of costs to the Court. Defendant's Motion to Compel Discovery [216] is **DENIED AS MOOT** and Defendant's Motion to Dismiss Plaintiff Alan Powell for Failure to Prosecute [229] is **GRANTED**. The remaining discovery disputes addressed in the February 2 telephone conference are resolved as outlined in Section III of this Order.

**SO ORDERED**, this  4th  day of February, 2010.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)