**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ALAN POWELL, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>JACQUELINE BARRETT,<br><br>  Defendant. | <br><br><br><br><br><br>CIVIL ACTION NO.<br>1:04-CV-1100-RWS |

**<u>ORDER</u>**

This case comes before the Court on Defendant Jacqueline Barrett's Motion for Summary Judgment [269], Plaintiffs Alan Powell, et al.'s Rule 56(d) Motion [282] and Defendant Jacqueline Barrett's Motion to Exclude Testimony of Expert Witness [259], and Plaintiffs' Motion for Leave to File a Revised Opposition to Defendant's Statement of Facts [284]. After a review of the record, the Court issues the following Order.

As an initial matter, Plaintiffs did not file any opposition to Defendant's Statement of Material Facts [269-2], therefore their Motion for Leave to File a Revised Opposition [284] is **DENIED**.

**Background**

Plaintiffs assert claims against Defendant Jacqueline Barrett in her individual capacity for alleged strip searches and over-detentions that occurred at the Fulton County Jail between December 2003 and May 2004, during the period when Defendant was sheriff of the Jail. According to the Fourth Amended Complaint, the Jail had no effective inmate management system which caused inmates to be detained after they had been ordered release. (Fourth Am. Comp., Dkt. [78] at ¶¶ 206, 208). Plaintiffs assert that this policy of over-detention was a violation of their constitutional rights. (Id. at ¶ 395).

The named Plaintiffs in this case also claim that they were subjected to illegal strip searches upon entering or re-entering the general population at the Fulton County Jail. (Id. at ¶¶ 12, 14). The eleven named plaintiffs can be divided into three groups with regard to their strip search claims. The first group, the Arrestee Strip Search Class (AR), consists of inmates who were strip searched as part of the point-of-entry booking process before they were placed into the general jail population for the first time. (Id. at ¶ 180). The second group, the Alpha Strip Search Class (AL), were subjected to the booking process, including the booking strip searches, after posting bond or having been

ordered released at their first appearances. (Id. at ¶¶ 187, 188). The third group, the Court Return Strip Search Class (CR), includes inmates who were ordered released by a judge in state court and returned to the Jail where they were subjected to blanket strip searches. (Id. at ¶¶ 204, 205).

In an *en banc* decision, the Eleventh Circuit held that the strip searches of the AR class did not violate Plaintiffs' Fourth Amendment rights. Powell v. Barrett, 541 F.3d 1298, 1302 (11th Cir. 2008). The court then remanded the case back to this court to apply the principles discussed in the opinion to the AL and CR classes. Powell v. Barrett, 307 Fed. Appx. 434, 436 (11th Cir. 2009).

## Discussion

**I. Defendant's Motion for Summary Judgment [269] and Plaintiffs' Rule 56(d) Motion [282]**

A. Background

Defendant filed a Motion for Summary Judgment as to Qualified Immunity [269]. In response, Plaintiffs have made a Rule 56(d) Motion alleging that they are unable to present facts essential to justify their opposition to Defendant's Motion for Summary Judgment. (Plaintiffs' Rule 56(d) Motion to Deny Defendant's Motion for Summary Judgment, Dkt. [282] at p. 2). Plaintiffs filed their Rule 56(d) Motion on December 8, 2010 styled as a Rule 56(f)

3

Motion. Under the amendment to the Federal Rules of Civil Procedure, which became effective on December 1, 2010, the grounds Plaintiffs assert for opposing Defendant's Summary Judgment Motion are now contained in Rule 56(d), not Rule 56(f). Therefore, this Court will consider the Plaintiffs' Motion as a Rule 56(d) Motion.

### B.   Rule 56(d) Standard

District Courts have the discretion to postpone ruling on a party's motion for summary judgment if the nonmovant needs additional discovery to explore "facts essential to justify its opposition." FED. R. CIV. P. 56(d).  Rule 56(d) provides that a court may allow time for additional discovery "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the moving party's motion for summary judgment. Id.

Plaintiffs assert that they are unable to respond to Defendant's Motion for Summary Judgment. In his affidavit, William Claiborne, Plaintiffs' counsel, contends that Plaintiffs "cannot justify their opposition to defendant's summary judgment motion . . . because plaintiffs have not had discovery on the claims from defendant and the summary judgment motion exceeds the scope of the

4

Court of Appeals remand motion." (Aff. of William Claiborne, Dkt. [282-2] at p. 2).

In its July 14, 2009 Order, the Court ruled that "discovery should be narrowly limited until the threshold constitutional issues can be decided." (Dkt. [199] at 2). As a result, discovery was restricted to information regarding only the length of the named plaintiffs' detentions and the circumstances of each plaintiff's release from the Fulton County Jail. (Id. at pp. 2, 4). Plaintiffs contend that in order to properly respond to Defendant's Motion for Summary Judgment on the issue of qualified immunity, information regarding the releases of a broader class of inmates is necessary.

### C.    Standard for Qualified Immunity

Under the doctrine of qualified immunity, government officials performing discretionary functions may not be held individually liable for civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Lassiter v. Alabama, 28 F.3d 1146, 1149 (11th Cir.1994)(en banc) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)) The court may ascertain whether this standard has been met by making two

5

determinations: (1) whether the defendant committed a violation of the plaintiff's constitutional rights, and (2) whether the violation was governed by clearly established law. See West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007) (citing Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001))[1]. In addition, where the plaintiff seeks to hold the defendant liable for acts not taken by the defendant personally but by staff under the defendant's supervision, the plaintiff must show that the defendant acted with deliberate indifference to the plaintiff's constitutional rights. Id.

### D.  Over-Detention Claims

The Eleventh Circuit in West v. Tillman explained that the deliberate indifference standard is "a difficult burden for the plaintiff to meet." Id. In order to prove deliberate indifference, plaintiffs in over-detention cases must establish a history of widespread abuse sufficient to put the supervisor on notice of the need to correct the alleged deprivation. Id. at 1328-29.

Although the Court initially limited discovery to information regarding only the named plaintiffs' over-detentions, under the requirements of West,

---

[1] After the decision in West v. Tillman, the Supreme Court held that while the two-step sequence for resolving government officials' qualified immunity claims established in Saucier is appropriate, it should no longer be regarded as mandatory in all cases. See Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009).

Plaintiffs do not have sufficient information to respond to the deliberate indifference prong of Defendant's argument for qualified immunity. Additional discovery is necessary to enable Plaintiffs to demonstrate "a history of widespread abuse" that was sufficient to put Sheriff Barrett on notice of the problem with over-detentions at the Fulton County Jail and the need to correct that problem.

Defendant objects to the Rule 56(d) motion on the grounds that Plaintiffs failed to explain how additional discovery would preclude the entry of summary judgment. (Def.'s Response in Opposition to Plaintiff's Rule 56(d) Motion, Dkt. [285] at pp. 12-15). However, Plaintiffs have explained that additional discovery will enable them to demonstrate a history of widespread abuse at the Fulton County Jail. (Aff. of William Claiborne, Dkt. [282-2] at pp. 6-7). This showing is necessary for Plaintiffs to rebut Defendant's qualified immunity defense and therefore necessary to respond to Defendant's Motion for Summary Judgment. Id. Defendant also contends that Plaintiffs failed to make use of the available discovery because they only served three interrogatories. (Def.'s Response in Opposition to Plaintiff's Rule 56(d) Motion, Dkt. [285] at pp. 15-16). However, based on the limited discovery allowed by the Court, Plaintiffs

7

did not have access to the information necessary to rebut the defense of qualified immunity.

The Court will allow Plaintiffs additional discovery on any computerized inmate population accounting system used to track inmates in the Fulton County Jail and a manual examination of a statistically valid sample of institutional folders to obtain information on the extent of the over-detention problem during the relevant period. Defendants will have seven days from the date of this Order to file any objections to this expanded scope of discovery. Plaintiffs will then have seven days from the date of Defendant's objections to reply. After considering the objections and the reply and determining the proper scope of additional discovery, the Court will seek a proposed Scheduling Order from the parties pertaining to any additional discovery. Plaintiffs' Rule 56(d) Motion is **GRANTED.**

Given that the Court granted the Rule 56(d) Motion, Defendant's Motion for Summary Judgment as to Qualified Immunity [269] as to the over-detention class is **DENIED WITHOUT PREJUDICE**, and with the right to re-file after the completion of the additional discovery.

8

D. Alpha Class

The AL class is comprised of inmates held in the intake area prior to their first appearances in the Fulton County Jail, ordered released or granted bond at the first appearance, and then placed into the general population and subjected to group, blanket strip searches prior to actual release. (Pl.'s Memo, Dkt. [282-1] at pp. 23-24). The AL class was placed in the general jail population while staff in the Records Room, as part of the release process, searched for other detention orders, warrants, and holds. Powell v. Barrett, 496 F.3d 1288, 1313 (11th Cir. 2007), rev'd en banc, 541 F.3d 1298 (2008). Because the AL class was subjected to strip searches prior to entering the general population, the inmates' Fourth Amendment rights were not violated under the standard established in the Eleventh Circuit's *en banc* decision in this case. Powell, 541 F.3d at 1302 (holding that strip searches of all arrestees as part of the booking process prior to entering the general population, even without reasonable suspicion, is constitutionally permissible). Therefore Sheriff Barrett is entitled to qualified immunity as to the strip search claims of the Alpha Class.

AO 72A
(Rev.8/82)

The Eleventh Circuit in this case held that the Fulton County Jail's policy of strip searching inmates entering the general population was justifiable and did not violate the inmates' constitutional rights. Powell, 541 F.3d at 1302. The court stated that the reasonableness of a search "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." Id. at 1305 (quoting Bell v. Wolfish, 441 U.S. 520, 558, 99 S. Ct. 1861, 1884, 60 L. Ed. 2d 447 (1979)). In balancing those interests, courts must consider four factors: (1) the scope of the particular intrusion; (2) the manner in which it was conducted; (3) the justification for initiating it; and (4) the place in which it is conducted. Id.

The Eleventh Circuit, in considering the Bell factors, noted that "the combined weight of the third and fourth factors" supported the finding that the strip search policy as applied to the AR class did not violate the Fourth Amendment. Id. at 1306. The Eleventh Circuit held that these two factors merged into one "heavy consideration because the searches took place in a detention facility and the justification for them was the critically important security needs of the facility." Id. According to the Court, "a detention facility is a unique place fraught with serious security concerns." Id. (quoting Bell, 441

AO 72A
(Rev.8/82)

U.S. at 559). "Employees . . . and . . . the detained inmates themselves face a real threat of violence, and administrators must be concerned on a daily basis with the smuggling of contraband by inmates accused of misdemeanors as well as those accused of felonies." Id. at 1310. The Eleventh Circuit concluded that these safety concerns justified the strip searches of the AR class before entering the general population of the Fulton County Jail. Id. at 1302.

These same safety concerns support the finding that the strip searches of the AL class did not violate the Fourth Amendment. The late booking process was the first time the AL class was subject to strip searches because the class was not strip searched prior to attending their first appearances. As such, the AL class, like the AR class, was strip searched prior to entering the general population after having contact with individuals outside of the Fulton County Jail.

The Jail has significant and legitimate security interests supporting the requirement that all inmates entering and re-entering the general population be strip searched. The searches of the AL class occurred after the inmates had been outside the jail and presented an increased security hazard. Therefore, a search

11

of the body was necessary to ensure that no contraband was introduced into the general population.

Plaintiffs assert that if the AL class presented a security risk, the Fulton County Jail should have released them instead of placing them into the general population. (Pl.'s Memo, Dkt. [282-1] at p. 29). While Plaintiffs' claim that the AL class had a constitutional right to be released instead of placed into the general population has merit, this contention goes to the over-detention claims and has no bearing on the constitutional validity of strip searching the AL class. Under the reasoning of Powell, the Fulton County Jail has strong security interests justifying searches of inmates prior to entering the general population. In the case of the AL class, the strip searches were performed before the inmates entered the jail population and after they had contact with individuals outside of the jail facility. As a result, the Jail's policy did not violate a clearly established constitutional right of the AL class. Defendant's Motion for Summary Judgment as to Qualified Immunity [269] as to the AL Class is **GRANTED.**

Unlike the over-detention class, Plaintiffs do not need additional information to respond to Defendant's claim of qualified immunity. The

12

Eleventh Circuit's decision in this case demonstrates that the strip searches of the AL class did not violate any clearly established constitutional rights. There is no need for additional discovery as to this claim. As a result, Plaintiff's Rule 56(d) Motion [282] is **DENIED** as to the AL class.

### E.  Court Return Class

The CR class is comprised of in-custody defendants who went to court for court hearings, became entitled to release at the hearings, and were subjected to blanket strip searches upon their return to the Fulton County Jail. (Pl.'s Memo, Dkt. [282-1] at p. 31). The CR class was under constant supervision while in transit to and from the Jail and while at the courthouse. (Fourth Am. Comp., Dkt. [78] at ¶ 193). Unlike the AL class, the CR class had already been subjected to strip searches upon their initial entry into the Fulton County Jail. After returning from court, they were subjected to another strip search before being placed back into the general population.

The same security concerns that justified the searches of the AR and the AL classes support the strip searches of the CR class. The inmates were subjected to the searches after having contact with individuals outside the Jail population. There was a risk that the CR class could acquire contraband during

13

their transfers between the Jail and the courthouse, and introduce it into the general population. As a result, the strip searches before re-entering the general population are justified under the Eleventh Circuit's *en banc* decision. Powell, 541 F.3d at 1302.

The Jail's security interests were not eliminated simply because the CR class was under constant supervision during the transfers to and from the courthouse. In Bell, the Supreme Court upheld the searches of inmates re-entering the general population after having contact visits with individuals from outside the facility, even defense attorneys. Bell, 441 U.S. at 560. These contact visits occurred in glass-enclosed rooms and were continuously monitored by corrections officers. Id. at 577 (Marshall, J., dissenting). Despite the constant monitoring of the inmates, the Supreme Court held that the security risks associated with the smuggling of contraband justified searching the inmates after these visits. Id. at 559. The CR class, like the plaintiffs in Bell, were subject to constant monitoring during their time outside of the jail. Despite this monitoring, the same risk of acquiring contraband that supported the search in Bell exists in this case.

14

Plaintiffs assert that "every court that has addressed strip searching court returns after a judge has ordered them released has condemned the practice, and ruled returning court returns to a county jail to process them out or to check for detainers is an administrative interest that does not justify strip searching them." (Pl.'s Memo, Dkt. [282-1] at p. 36). Therefore, according to Plaintiffs, the strip searches are not justified under the four factors identified by Bell because they serve the administrative convenience interests of the Sheriff, and not the legitimate security interests of the Fulton County Jail. Id. While Plaintiffs' claim that the CR class had a constitutional right to be kept out of the general population after posting bond or having charges dismissed may have merit, it does not impact the constitutionality of the strip searches. Moreover, despite Plaintiffs' contention, the strip searches were not searches to process inmates out of the Jail. Id. Instead, they were searches conducted before the CR class re-entered the general population. The Eleventh Circuit acknowledged the numerous security risks posed by inmates re-entering the general population. Powell, 514 F.3d at 1310-12. As a result, the strip searches served more than "administrative interests," and instead served the security interests of the Jail. Because the policy of strip searching the CR class did not violate a clearly

15

established constitutional right, Sheriff Barrett is entitled to qualified immunity. Therefore, Defendant's Motion for Summary Judgment as to Qualified Immunity [269] as to the CR Class is **GRANTED.**

Moreover, Plaintiffs' do not need additional discovery to rebut Defendant's Motion for Summary Judgment as to the CR class. Thus, Plaintiff's Rule 56(d) Motion [282] is **DENIED** as to the CR class.

## II.   Motion to Exclude Testimony [259]

Defendant seeks to preclude Plaintiffs from offering any and all opinion testimony of Plaintiffs' expert witness, David Goldstein, relating to the interpretation of inmate records on the grounds that Plaintiffs failed to satisfy the requirements of Local Rule 26.2 (c) and Fed. R. Civ. P. 26(a)(2)(B). (Def.'s Br., Dkt. [259-1] at pp. 1,5,6).

Despite Plaintiffs' contention that Mr. Goldstein is a fact witness, the Court concludes that the testimony of Mr. Goldstein proffered by Plaintiffs is appropriately considered expert testimony under Fed. R. Evid. 702. Because Mr. Goldstein will offer expert testimony, Plaintiffs are subject to the disclosure requirements of Local Rule 26.2(c) and Fed. R. Civ. P. 26.

16

A witness with specialized knowledge can testify as a fact witness if the testimony is "rationally based on the witnesses own perceptions." United States v. Rivera, 22 F.3d 430, 434 (2d. Cir. 1994)(quoting FED. R. EVID. 701(a)). Witnesses with specialized knowledge and training may be pure fact witnesses when they directly participate in the events at issue in a particular case. Morgan v. U.S. Xpress, Inc., 2006 WL 278398, at *2 (M.D. Ga. Feb. 3, 2006) (citing Gomez v. Rivera Rodriguez, 344 F.3d 103,113 (1st Cir. 2003)). Moreover, owners and employees of a particular business may testify as fact witnesses because of their particularized knowledge gained by virtue of their position in the business. See Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., 320 F.3d 1213, 1222 (11th Cir. 2003). On the other hand, if the testimony consists of "opinions based on scientific, technical, or other specialized knowledge," the witness is not a fact witness, but instead an expert witness under Fed. R. Evid. 702. Morgan, 2006 WL 278398, at *3 (quoting FED. R. EVID. 702).

Mr. Goldstein's testimony will be expert testimony as opposed to lay opinion testimony. Mr. Goldstein has no affiliation with the Fulton County Sheriff's Office. Moreover, he has never worked in the Fulton County Jail, was

17

not a sheriff's deputy or employee, and did not represent any of the Plaintiffs in connection with the charges leading to the subject incarcerations. As a result, Mr. Goldstein's testimony is not based on his own perceptions of the events at the Fulton County Jail nor is his testimony based on specialized knowledge acquired by virtue of his position at the Jail. Instead, Mr. Goldstein's interpretation of inmate records is appropriately considered expert testimony under Fed. R. Evid. 702 because it is based on the specialized general knowledge he acquired working as a public defender.

Because the Court finds that Mr. Goldstein is an expert, Plaintiffs failed to make the appropriate disclosures required by Local Rule 26.2 and Fed. R. Civ. P. 26. Under Local Rule 26.2, a party "who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert." Local Rule 26.2(c), N.D. Ga. Plaintiffs failed to disclose Mr. Goldstein as an expert during the discovery period. The discovery period for the current post-remand phase of the litigation expired on December 18, 2009, and the deadline for supplemental discovery was June 14, 2010. Plaintiffs did not advise Defendant that they had retained an expert until August 2, 2010, well after the close of the

supplemental discovery period. Additionally, under Fed. R. Civ. P. 26(a)(2)(B), the disclosure of an expert witness must be accompanied by an expert report. Here, Plaintiffs failed to include an expert report when they disclosed Mr. Goldstein on August 2, 2010.

Although the Court finds that Mr. Goldstein is an expert and that Plaintiffs failed to make the required disclosures, the Court will not exclude his testimony at this juncture. Instead, given the extension of the discovery period to enable Plaintiffs to gather evidence of deliberate indifference, the Court will allow Plaintiffs the opportunity to make the required disclosures under Local Rules 26.2 and Fed. R. Civ. P. 26(a)(2)(B).  The expert report should be served upon Defendant within seven days from the date of this Order. Plaintiffs should make Mr. Goldstein available to Defendant for deposition. Defendant will have fourteen days from the filing of the expert report to depose Mr. Goldstein and seven days from the date of the deposition to offer any counter-experts. Plaintiffs will then have fourteen days from that time to depose the Defendant's counter-experts. The parties will then have an opportunity to file any motions to exclude the testimony of either expert in accordance with the Local Rules of

this Court. Accordingly, Defendant's Motion to Exclude Testimony [259] is **DENIED**.

## Conclusion

For the aforementioned reasons, Defendant's Motion for Summary Judgment [269] is **GRANTED** as to the AL and CR Classes, and **DENIED without prejudice** as to the Over-Detention Class. Plaintiffs' Rule 56(d) Motion [282] is **GRANTED** as to the Over-Detention Class, and **DENIED** as to the AL and CR Classes. Defendant's Motion to Exclude Testimony [259] is **DENIED**, and Plaintiffs' Motion for Leave to File a Revised Opposition [284] is **DENIED**.

**SO ORDERED** this __3rd__ day of March, 2011.

_____
**RICHARD W. STORY**
United States District Judge