IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| C. ALLEN POWELL, ET AL., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:04-CV-1100-RWS |
| JACQUELINE H. BARRETT, ET AL., | : | |
| | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court for a determination of the scope of

additional discovery and on Plaintiffs' Motion for Leave to File Reply [296].

As an initial matter, the Plaintiffs' Motion [296] is **GRANTED**, and the

Court has considered Plaintiffs' Reply [296-1].

### **Background**

On November 11, 2010, Defendant filed a Motion for Summary

Judgment [269] based on the defense of qualified immunity.  In response,

Plaintiffs filed a Rule 56(d) Motion [282] arguing that they were unable to

present facts essential to justify their opposition to Defendant's Motion.

Plaintiffs argued that in order to properly respond they needed information

regarding the releases of a broader number of inmates than just the named

Plaintiffs.  The Court granted Plaintiffs' Motion [282] and allowed additional

discovery to obtain information on the extent of the over-detention problem.

(Dkt. [290] at 8).  In that same Order [290], the Court granted Defendant's

Motion for Summary Judgment as to the AL and CR Classes, and denied the

Motion without prejudice as to the Over-Detention Class.

Pursuant to the Court's Order [290], Defendant filed its Objections to

Additional Discovery [291] on March 20, 2011.  Plaintiffs filed a Response

[292], to which Defendant filed a Reply [295], to which Plaintiffs filed a Reply

[296-1].

## Discussion

Having examined the arguments set forth by parties in regards to the

scope of additional discovery, the Court agrees with the rationale set forth by

Defendant [291, 295] and will not allow Plaintiffs to take additional discovery.

In particular, Defendant admits that she was aware of a significant backlog of

releases during late 2003 and early 2004.  As a result of this knowledge, she

asserts that she "took significant steps to address it at a systemic level."  (Dkt.

[291] at 3).  Because she took these steps, Defendant argues that she was not

2

AO 72A
(Rev.8/82)

deliberately indifferent to the problem and therefore is protected by qualified

immunity and entitled to summary judgment.

     The Court stated in its Order:

> Under the doctrine of qualified immunity, government
> officials performing discretionary functions may not be held
> individually liable for civil damages unless their conduct violates
> "clearly established statutory or constitutional rights of which a
> reasonable person would have known." Lassiter v. Alabama, 28
> F.3d 1146, 1149 (11th Cir.1994)(en banc) (quoting Harlow v.
> Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396
> (1982)) The court may ascertain whether this standard has been
> met by making two determinations: (1) whether the defendant
> committed a violation of the plaintiff's constitutional rights, and
> (2) whether the violation was governed by clearly established law.
> See West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007) (citing
> Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d
> 272 (2001)). In addition, where the plaintiff seeks to hold the
> defendant liable for acts not taken by the defendant personally but
> by staff under the defendant's supervision, the plaintiff must show
> that the defendant acted with deliberate indifference to the
> plaintiff's constitutional rights. Id.

(Dkt. [290] at 5-6 (footnote omitted)).  Defendant argues that additional

discovery as to the extent of the over-detention problem is irrelevant for three

reasons: (1) Defendant was aware, and thus admits, that a significant backlog of

releases existed; (2) she took steps to remedy this problem and thus was not

deliberately indifferent to it; and (3) any violation of constitutional rights

resulting from the over-detention was not governed by clearly established law.

Plaintiffs respond [292] by proposing three primary areas of additional

discovery, only one of which addresses the contentions set forth in Defendant's

Objections [291].  On that ground, Plaintiff proposes an extension of discovery

on the remedial steps taken by Defendant stating:

> Plaintiffs propose depositions of persons with information of
> actual steps defendant took to resolve over-detentions. When
> plaintiffs deposed defendant plaintiffs did not have the benefit of
> signed responses. When plaintiffs deposed Mr. Lane (the jailer)
> defendant's interrogatory responses had not listed these steps as
> affirmative defenses and so plaintiffs did not focus the deposition
> on these issues. Barrett Supplemental interrogatory Responses,
> interrogatory # 3 (attached). This is why defendant had to submit
> affidavits on these issues rather than relying on deposition
> testimony. Moreover, to the extent that defendant contends that the
> over-detention rate when down as a result of her hiring Mr. Lane
> plaintiffs need discovery on this issue too.

(Dkt. [292] at 4).  The Court finds that Plaintiff had an adequate opportunity to

explore the actions taken by Defendant to remedy the over-detention problem.

Defendant's Supplemental Response to Interrogatories states in response

to interrogatory number 3, which sought identification of each defense she

intended to assert, "[Defendant] asserts and relies upon the affirmative defense

of qualified immunity."  (Dkt. [292-1] at 10).  Defendant's answer to this

interrogatory also states:

> During her tenure as sheriff, Defendant implemented many
> procedures and practices to improve the efficiency of the release

4

process, such as borrowing personnel from the courts; exchanging some sworn positions for more civilian positions; requesting judges' staff to fax all orders to one standard number; ceasing to fingerprint Atlanta Police Department arrestees on the APD system; implementing jail-based first appearance hearings; cross-training personnel; amending paperwork with an inmate's real name, as it takes additional time to process each alias; etc.

(Id. at 15-16).  Defendant's Supplemental Response [292-1] was filed on April 2, 2010, more than two months before Plaintiffs deposed Mr. Lane.  Therefore, Plaintiffs contention that "[w]hen plaintiffs deposed Mr. Lane (the jailer) defendant's interrogatory responses had not listed these steps as affirmative defenses and so plaintiffs did not focus the deposition on these issues," is untenable.  (Dkt. [292] at 3).  Plaintiffs were on notice that Defendant intended to assert the defense of qualified immunity and intended to argue that she took steps to improve the backlog of over-detained inmates.  Plaintiffs chose not to focus on the remedial steps taken in its deposition of Mr. Lane, and the Court will not now allow them additional time to do so.[1]  The Court will also not allow any of the other additional discovery sought by Plaintiffs, because the

---

[1] Plaintiffs assert that they could not discover this defense because Defendant produced 122 pages of documents pertaining to remedial steps taken by Mr. Lane only two days before his deposition.  Even assuming that two days was an insufficient amount of time to properly process the newly produced documents, Plaintiff was nonetheless on notice of Defendant's defense no later than the first week of April 2010–more than two months before Mr. Lane's deposition.

5

Court does not find that it is necessary to respond to Defendant's claim of

qualified immunity as to the Over-Detention Class.

## Conclusion

For the aforementioned reasons, the Court **VACATES** its March 3, 2011

Order [290] to the extent it granted Plaintiffs' Rule 56(d) Motion.  Upon

reconsideration, Plaintiffs' Rule 56(d) Motion [282] is **DENIED**.  Plaintiffs are

**ORDERED** to respond to Section II.A of Defendant's Motion for Summary

Judgment [269] no later than 21 days from the date of this Order.  Plaintiff shall

also file a response to Defendant's Statement of Undisputed Material Facts

[269-2] as set forth by Local Rule 56(b)(2)(a)(2).  Defendant shall have 14 days

from the date of Plaintiffs' response to file a reply.

**SO ORDERED**, this __8th__ day of August, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

6